# EXHIBIT A

# The State of New Hampshire
## Derry Family Division
10 Manning St.
Derry, NH 03038
603 421-0088

## NOTICE OF DECISION

STEPHEN D'ANGELO
88 CRAWFORD ROAD
CHESTER NH 03036

2004-M-0276    In the Matter of Janice D'Angelo and Stephen D'Angelo

Enclosed please find a copy of the Court's Order dated 12/27/2006 relative to:

**Decree**

The Regional Clerk's office is in possession of exhibits belonging to:
(X) Petitioner
(X) Respondent
( ) Unmarked by the Court

If you wish to have these exhibits returned, you must pick them up no later than 10 days after the effective date of the decree. If the effective date is stayed by an appeal, Motion for Reconsideration or the like, the effective date will be pursuant to Superior Court Rule 74. Any unclaimed exhibits will be destroyed after that date. PLEASE BRING THIS LETTER WITH YOU.

| 12/28/2006 | Sherry L. Bisson |
|---|---|
| Date | Regional Clerk |

cc: Family Division at Derry
Attorney Demetra Pontisakos

AOC Form FDP150 (Rev. 04/24/2001)

## THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS  
FAMILY DIVISION AT DERRY

2004-M-276

### In the Matter of

### Janice D'Angelo and Stephen D'Angelo

### DECREE ON PETITIONER'S PETITION FOR CONTEMPT, RESPONDENT'S CROSS-PETITION FOR CONTEMPT and RESPONDENT'S MOTION FOR PROTECTIVE ORDER

The Referee recommends:

    Petitioner's Petition, DENIED.
    Respondent's Cross-Petition, DENIED.
    Respondent's Motion, GRANTED, *pro tempore*.

A hearing on the above-entitled matters was held on December 18, 2006. Petitioner appeared with counsel; Respondent appeared without counsel. The pleadings reflect the parties' disagreement about the meaning of certain provisions of their Permanent stipulation entered in October of 2005 and their inability to reach a resolution of those disagreements prior to engaging in self-help.

Although self-help and good faith are rarely applied together in describing parties' actions in this context, the Court finds that both parties relied on legal and accounting advice requested and given and followed in good faith. However, it does not appear that either party or their advisors considered the possibility of other interpretations of the parties' agreement which were held in equally good faith.

The Court finds that Petitioner's action based upon her interpretation of the meaning of the phrase "...provided he remains current on his support obligation." constituted self-help, but the interpretation was not unreasonable. The lack of definition in the parties' agreement left ample room for her interpretation, but insufficient exactitude to support the relief she seeks.

Neither can the Court find, by a preponderance of the evidence, that an arrearage existed at the specific time claimed because of the differences in the parties' accounting evidence.

The Court finds that Respondent's action in recovering his loss based upon <u>his</u> interpretation of the exemption language and the facts as he saw them constituted self help. However, his actions in making sure that his filing did not conflict with Petitioner's shows an element of good faith; as does his lack of effort to require Petitioner to disgorge what might otherwise be considered an unintended benefit that was contrary to the parties' agreement.

The Court also finds that Respondent had a good faith belief that he was current in his child support obligation.

Respondent's Motion for protective order is granted pending an agreement or further hearing to amend the parties' agreement relative to the definition of what they intended when they agreed to exchange tax information. The court finds that either of the interpretations urged are reasonable, but is unable to define what was meant at the time. It is also suggested that the parties work together to identify a specific deadline for when "current" is to be determined.

Petitioner's requests for findings and rulings are granted to the extent that they are addressed herein, otherwise they are denied. No costs or fees to either party.

12/20/06
Date

Brian D. Kenyon, Referee

Referee's recommendation approved. So ordered.

12/20/06
Date

Lucinda V. Sadler, Presiding Justice