# EXHIBIT B

**STEPHEN D'ANGELO**
88 Crawford Road
Chester, NH 03036
978-687-8100

June 14, 2010

Robin Pinelle, Clerk
Derry Family Division
10 Courthouse Lane
Derry, NH 03038

Re: Janice D'Angelo and Stephen D'Angelo
<u>Case No. 622-2004-DM-00276</u>

Dear Ms. Pinelle:

Enclosed please find Motion to Stay Modification of Child Support Hearing and Related Discovery and Respondent's Motion to Strike Certain Questions and for Protective Order.

Kindly file same.

Thank you for your cooperation.

Very truly yours,

*[signature]*
Stephen L. D'Angelo

88 Crawford Road
Chester, NH 03036

Encs.

cc: Heather E. Krans, Esq.

THE STATE OF NEW HAMPSHIRE
DERRY FAMILY DIVISION

2004-M-0276

In the Matter of Janice D'Angelo and Stephen D'Angelo

MOTION TO STAY MODIFICATION OF CHILD SUPPORT HEARING
AND RELATED DISCOVERY

NOW COMES Respondent Stephen D'Angelo in the above-referenced case and moves this Honorable Court to Stay the Modification of Child Support, pending Discovery and Child Support Referee hearing scheduled for August 17, 2010, pending a resolution of Petitioner's Expedited Motion to Modify Parenting Plan and Respondent's Cross Motion to Modify Parenting Plan, and for such other and further relief as the Court deems meet and just.

In support hereof, Respondent states as follows:

1. The parties were divorced in 2005.

2. The parties share joint decision-making responsibilities for their son Michael.

3. Petitioner recently filed an Expedited Motion to Modify Parenting Plan seeking to relocate with the child approximately 100 miles away, and Respondent asked the Court to modify the Parenting Plan to change who has primary residential responsibility for the minor child as it is in his best interest to remain in the educational and social environment where he is thriving.

4. Petitioner has served Respondent with substantial Discovery limited solely to the financial issues relating to child support.

5. In the interest of reducing the burden and expense of this matter, it makes economic sense to stay the discovery and child support referee hearing until after the Court has determined who will have primary residential responsibility for Michael.

1

6. If primary residential responsibility is changed to Respondent, then the discovery and child support referee hearing will both be moot.

7. There is absolutely no prejudice to the Petitioner as a result of a temporary, short term stay of the Modification of child support as any modification may be ordered retroactive to the date of service.

8. There is substantial benefit, and no harm, to either of the parties if the Court stays the financial discovery and Child Support Referee hearing scheduled for August 17, 2010, until after a decision is made on both requests to the modify the parenting plan.

9. Most importantly, the Discovery and the hearing on the Motion to Modify Child Support will be moot if there is a change in primary residential responsibility for the parties' child Michael.

10. This pleading was prepared with the assistance of a New Hampshire attorney.

WHEREFORE, Respondent moves this Honorable Court to:

1. Stay the pending Child Support Modification until after a decision on Petitioner's Expedited Motion to Modify Parenting Plan and Respondent's Cross Motion to Modify Parenting Plan;

2. Stay the financial Discovery which Petitioner has served upon Respondent until after a decision is made regarding the Petitioner's Motion to Modify Parenting Plan and Respondent's Cross Motion to Modify Parenting Plan;

3. Postpone the Child Support Referee hearing scheduled for August 17, 2010 until after a decision is made regarding the Petitioner's Motion to Modify Parenting Plan and Respondent's Cross Motion to Modify Parenting Plan; and,

4. And for such and other and further relief this Court deems meet and just.

2

Respectfully submitted:

Dated: June 14, 2010

Stephen D'Angelo
88 Crawford Road
Chester, NH 03036
Tel: 978-687-8100

COMMONWEALTH OF MASSACHUSETTS

Essex, ss.                                              June 14, 2010

On this 14th day of June, 2010, personally appeared Stephen D'Angelo and affirmed that the foregoing is true to the best of his knowledge and belief.

Notary Public
My Commission Expires: December 13, 2014

**CERTIFICATE OF SERVICE**

I, Stephen D'Angelo, hereby certify that I have this 14 day of June, 2010 served all parties with a copy of Motion to Stay Modification of Child Support Hearing and Related Discovery by mailing same, U. S. mail, postage prepaid to:

Heather E. Krans, Esq.
Wiggin & Nourie, P.A.
One Harbour Place
Suite 390
P.O. Box 469
Portsmouth, NH 03802-0469

Stephen D'Angelo

3

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                         DERRY FAMILY DIVISION

In the matter of:

Janice D'Angelo and Stephen D'Angelo

Docket No.: 622-2004-DM-00276

**RESPONDENT'S MOTION TO STRIKE CERTAIN QUESTIONS AND FOR PROTECTIVE ORDER**

NOW COMES Respondent, Stephen D'Angelo, *pro se*, and pursuant to New Hampshire Family Division Rule 1.25(E)(6) and 1.25(I), hereby moves this Honorable Court strike certain Interrogatories propounded by Petitioner, Janice D'Angelo, in Petitioner's First Set of Interrogatories and Request for Production of Documents and issue a protective order such that the requested discovery not be had, as set forth herein. The objectionable requests and Interrogatories are oppressive, unduly burdensome and exceed the scope of permissive discovery and the protective order is required in the interests of justice.

Statement Summarizing the Nature of the Action

This matter is presently before the Honorable Court on Petitioner's request to Bring Forward and Modify Child Support. Therefore the issue before the Court is Respondent's "present income" in order to determine whether child support should be modified going forward.

On May 25, 2010, Petitioner, by her counsel, served Petitioner's First Set of Interrogatories and Request for Production of Documents upon Respondent, a true and correct copy of which appears at "Exhibit A", attached hereto and incorporated herein by reference.

Text of the Questions and Objections thereto

For ease of reference Respondent will quote herein each objectionable question and request and state the objection thereto immediately thereunder.

2. Produce copies of the following documents:

   A. All documents concerning business enterprises, including but not limited to D'Angelo & Hashem, LLC, in which you held or controlled a stock ownership representing a majority voting interest, or in which you had an ownership or beneficial interest together with fewer than 20 persons, or from which you received income in excess of $500.00, or from which you deducted losses and/or expenses and/or depreciation in excess of $500.00 from January 1, 2007 to the present.

1

**Objection:**
The request is overbroad and unduly oppressive. While certainly Respondent does not object to providing a statement of his income from D'Angelo & Hashem, LLC, (hereinafter "the firm") a Massachusetts Limited Liability Company in which he is a member, anything beyond that is prohibited for multiple reasons. First, although Respondent is a member, he does not hold a majority ownership interest; rather it is split evenly with Saba B. Hashem, a Massachusetts resident. Mr. Hashem objects to the disclosure of the firm's records. See, Exhibit B, Affidavit of Saba Hashem and Exhibit C, Affidavit of Stephen D'Angelo. As a result, Respondent lacks authorization to disclose the records. As the firm is not a party to this litigation, it is not required to respond.

Second, the practice of the firm is as a law firm. On behalf of the firm's clients, Mr. Hashem has indicated that the "documents" of the firm contain matters that are attorney-client privileged. See, Exhibit B and C. Attorney-client privilege in Massachusetts is set forth as follows:

> "The classic formulation of the attorney-client privilege .... is found in 8 J. Wigmore, Evidence § 2292 (McNaughton rev. ed. 1961): (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. The purpose of the privilege is to enable clients to make full disclosure to legal counsel of all relevant facts ... so that counsel may render fully informed legal advice with the goal of promot[ing] broader public interests in the observance of law and administration of justice." (Quotations and citations omitted.)

Commissioner of Revenue v. Comcast Corp., 453 Mass. 293, 303, 901 N.E.2d 1185, 1194 (2009). See also, N.H. R. Ev. 502(b) ("A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client...."). Additionally, Respondent could be subject to professional discipline were he to violate client confidences. See, Mass.R.Prof.Conduct 1.6(b).

Third, in addition to attorney-client privilege, the clients of the firm, as well as its employees, also enjoy the privacy rights under Massachusetts General Laws, chapter 214, section 1B. Massachusetts General Laws, chapter 214, section 1B, states, in relevant part "A person shall have a right against unreasonable, substantial or serious interference with his privacy." Were Respondent to make the requested disclosures, he would be forced to violate Massachusetts law, placing him between Scylla and Charybdis. At least one of the employees of the firm has already indicated he is prepared to seek injunctive and monetary relief in Massachusetts were his privacy rights to be violated. See, Exhibit C. Such a suit would likely succeed. See, Hastings & Sons Pub. Co. v. City Treasurer of Lynn, 375 N.E.2d 299, 374 Mass. 812 (Mass. 1978) (unlike with private employees, there is a legitimate public interest in releasing payroll records of municipal employees).

Petitioner does not require all of the firm's documents, production of which is extraordinarily oppressive. Tens, if not Hundreds, of Thousands of pages are contained in the files of the firm running back over a decade. Although a narrower request might be permissive, Respondent cannot directly address that until it is made. Therefore, the request should be denied.

Lastly, the time period of the document request is inappropriate as there is no legitimate reason for Petitioner to obtain Respondent's employer's financial information from January 1, 2007 to the present as his employer's financial information from 2007 to the present is not relevant to the amount of child support to be paid by Respondent in 2010 and is not likely to lead to the discovery of admissible evidence. The Court cannot "income average" the Respondent's income over the three year period in order to determine child support. Hillebrand v. Hillebrand, 130 N.H. 520 (1988), Rattee v. Rattee, 146 N.H. 44 (2001), State v. Taylor, 904 A.2d 619 (N.H. 2006). Child support must be based on "present income". Rattee at 46.

In sum, the requested documents do not assist the parties or the Court in determining Respondent's "present income", nor are they reasonably calculated to lead to the discovery of admissible evidence, therefore the information sought is not discoverable.

2. G. All documents, including, but not limited to, passbooks, certificates, bank statements, check registers, cancelled checks, signature cards, etc., concerning savings accounts, checking accounts, credit union accounts, special accounts, NOW accounts, or equivalent, certificates of deposit, other term deposits, or any other forms of depository account in your name, individually or jointly with any person(s) or entity(ies), held by you as trustee, custodian, or guardian for another, or held by another for your benefit or use, or in which you had any interest between January 1, 2007 to the present.

**Objection:**

The request is overbroad, as it includes trusts and other documents relative to Respondent's legal practice. As noted above, such violates attorney-client privilege, client confidentiality, and right to privacy. And, Respondent is not authorized to disclose documents belonging to the firm, an independent legal entity which is not made a party to this litigation. Thus, Respondent should not have to produce any such documents relative to the firm.

Again, the time period of the Interrogatory and document request is inappropriate as there is no legitimate reason for Petitioner to obtain Respondent's employer's financial information from January 1, 2007 to the present as his employer's financial information from 2007 to the present is not relevant to the amount of child support to be paid by Respondent in 2010 and is not likely to lead to the discovery of admissible evidence. The Court cannot "income average" the Respondent's income over the three year period in order to determine child support. Hillebrand v. Hillebrand, 130 N.H. 520 (1988), Rattee v. Rattee, 146 N.H. 44 (2001), State v. Taylor, 904 A.2d 619 (N.H. 2006). Child support must be based on "present income". Rattee at 46.

In sum, the requested information and documents do not assist the parties or the Court in determining Respondent's "present income", nor are they reasonably calculated to lead to the discovery of admissible evidence, therefore the information sought is not discoverable.

3. List your annual income from all sources from November 3, 2005 (the date of the Divorce Decree) through the present. For each source, provide:
   A. Copies of pay stubs, 1099 forms, K-1s, and the like for the last three years;
   B. An explanation of all deductions; and
   C. If your annual income exceeds $85,000.00 in any given year, the date and amount(s) paid to Petitioner pursuant to Paragraph 3(d) of the Permanent Stipulation.

**Objection:**

3

The request is overbroad, and unduly burdensome and the time period of the Interrogatory and document request is inappropriate as there is no legitimate reason for Petitioner to obtain Respondent's financial information from November 3, 2005 to the present as his income from 2005 to the present is not relevant to the amount of child support to be paid by Respondent in 2010 and is not likely to lead to the discovery of admissible evidence. The Court cannot "income average" the Respondent's income over the three year period in order to determine child support. Hillebrand v. Hillebrand, 130 N.H. 520 (1988), Rattee v. Rattee, 146 N.H. 44 (2001), State v. Taylor, 904 A.2d 619 (N.H. 2006). Child support must be based on "present income". Rattee at 46.

In sum, the requested information and documents do not assist the parties or the Court in determining Respondent's "present income", nor are they reasonably calculated to lead to the discovery of admissible evidence, therefore the information sought is not discoverable

4. Please state, in complete detail, all reasons for the alleged recent decline in your income. Please attach all documents concerning your decline in income or the reasons for the decline, including company profit and loss statements, balance sheets, statements of earnings, cash receipt books, account journals, tax returns, or other financial statements.

**Objection:**

The request is overbroad, as it includes documents relative to Respondent's legal practice. As noted above, such violates attorney-client privilege, client confidentiality, and right to privacy of clients. It violates employee privacy rights as it would force disclosure of salary and benefits in violation of Massachusetts law. And, Respondent is not authorized to disclose documents belonging to the firm, an independent legal entity which is not made a party to this litigation. Thus, Respondent should not have to produce any such documents relative to the firm.

5. Please list all present assets and liabilities of the following:

   A. D'Angelo B. [sic] Hashem, LLC;

**Objection:**
Notwithstanding the misidentification of the firm, the request is overbroad, as it includes documents relative to Respondent's legal practice. As noted above, such violates attorney-client privilege, client confidentiality, and right to privacy of clients. And, it violates employee privacy rights as it would force disclosure of salary and benefits in violation of Massachusetts law. Nor has the firm authorized such disclosures. Thus, Respondent should not have to produce any such documents relative to the firm.

6. Please list all directors, officers, and employees of D'Angelo B. [sic] Hashem, LLC and any other entity in which you have a legal or equitable interest. For each such director, officer, and employee, please indicate:

   A. Name, address and phone number;
   B. Title;
   C. Description and amount of annual compensation for 2007 to present.

**Objection:**

4

Notwithstanding the misidentification of the firm, the request is overbroad, as it includes information relative to the firm's employees. As noted above, it violates employee privacy rights as it would force disclosure of personal information in violation of Massachusetts law. At least one employee has already indicated willingness to litigate in Massachusetts. And, Respondent is not authorized to disclose documents belonging to the firm, an independent legal entity which is not made a party to this litigation. Thus, Respondent should not have to produce any such confidential information relative to the firm. The earnings of the firm's employees from 2007 to the present are not relevant to, nor likely to lead to the discovery of admissible evidence, regarding the amount of child support to be paid by Respondent to Petitioner in 2010.

9.      Please list the annual gross and net income derived from all operations of D'Angelo B. [sic] Hashem, LLC and any other entity you have a legal or equitable interest, from January 1, 2007 to present. Please attach all documents concerning the gross and net income of these entities, including all company profit and loss statements, bank statements, balance sheets, statements of earnings, cash receipt books, account journals, tax returns, or other financial statements from January 1, 2007 to present.

**Objection:**
Notwithstanding the misidentification of the firm, the request is overbroad, as it includes documents relative to the firm's business. As noted above, such violates attorney-client privilege, client confidentiality, and right to privacy of clients. It violates employee privacy rights as it would force disclosure of personal information in violation of Massachusetts law. At least one employee has already indicated willingness to litigate in Massachusetts. And, Respondent is not authorized to disclose documents belonging to the firm, an independent legal entity which is not made a party to this litigation. Thus, Respondent should not have to produce any such information or documents relative to the firm.

Moreover, the time period of the Interrogatory and document request is inappropriate as there is no legitimate reason for Petitioner to obtain Respondent's employer's financial information from January 1, 2007 to the present as his employer's financial information from 2007 to the present is not relevant to the amount of child support to be paid by Respondent in 2010 and is not likely to lead to the discovery of admissible evidence. The Court cannot "income average" the Respondent's income over the three year period in order to determine child support. Hillebrand v. Hillebrand, 130 N.H. 520 (1988), Rattee v. Rattee, 146 N.H. 44 (2001), State v. Taylor, 904 A.2d 619 (N.H. 2006). Child support must be based on "present income". Rattee at 46.

In sum, the requested information and documents do not assist the parties or the Court in determining Respondent's "present income", nor are they reasonably calculated to lead to the discovery of admissible evidence, therefore the information sought is not discoverable.

10.     Please indicate the name and address of all bookkeepers, accountants, auditors or any other person who has prepared balance sheets, profit and loss statements, income statements or any other financial statements for D'Angelo B. [sic] Hashem, LLC or any other entity in which you have a legal or equitable interest, from January 1, 2007 to present, and give the date and description of each document. Please attach all such documents.

5

**Objection:**

Notwithstanding the misidentification of the firm, the request is overbroad, as it includes documents relative to the firm's business. As noted above, such violates attorney-client privilege, client confidentiality, and right to privacy of clients. It violates employee privacy rights as it would force disclosure of personal information in violation of Massachusetts law. At least one employee has already indicated willingness to litigate in Massachusetts. And, Respondent is not authorized to disclose documents belonging to the firm, an independent legal entity which is not made a party to this litigation. Thus, Respondent should not have to produce any such information and documents relative to the firm.

Moreover, the time period of the Interrogatory and document request is inappropriate as there is no legitimate reason for Petitioner to obtain Respondent's employer's financial information from January 1, 2007 to the present as his employer's financial information from 2007 to the present is not relevant to the amount of child support to be paid by Respondent in 2010 and is not likely to lead to the discovery of admissible evidence. The Court cannot "income average" the Respondent's income over the three year period in order to determine child support. Hillebrand v. Hillebrand, 130 N.H. 520 (1988), Rattee v. Rattee, 146 N.H. 44 (2001), State v. Taylor, 904 A.2d 619 (N.H. 2006). Child support must be based on "present income". Rattee at 46.

In sum, the requested information and documents do not assist the parties or the Court in determining Respondent's "present income", nor are they reasonably calculated to lead to the discovery of admissible evidence, therefore the information sought is not discoverable.

12.  Have you, D'Angelo B. [sic] Hashem, LLC, or any other entity in which you have a legal or equitable interest, maintained expense records in which expenditures made for business purposes were recorded? If yes, please attach all such records from January 1, 2007 to present.

**Objection:**

Notwithstanding the misidentification of the firm, the request is overbroad, as it includes documents relative to the firm's business. As noted above, such violates attorney-client privilege, client confidentiality, and right to privacy of clients. It violates employee privacy rights as it would force disclosure of personal information in violation of Massachusetts law. At least one employee has already indicated willingness to litigate in Massachusetts. And, Respondent is not authorized to disclose documents belonging to the firm, an independent legal entity which is not made a party to this litigation. Thus, Respondent should not have to produce any such information and documents relative to the firm.

Moreover, the time period of the Interrogatory and document request is inappropriate as there is no legitimate reason for Petitioner to obtain Respondent's employer's financial information from January 1, 2007 to the present as his employer's financial information from 2007 to the present is not relevant to the amount of child support to be paid by Respondent in 2010 and is not likely to lead to the discovery of admissible evidence. The Court cannot "income average" the Respondent's income over the three year period in order to determine child support. Hillebrand v. Hillebrand, 130 N.H. 520 (1988), Rattee v. Rattee, 146 N.H. 44 (2001), State v. Taylor, 904 A.2d 619 (N.H. 2006). Child support must be based on "present income". Rattee at 46.

In sum, the requested information and documents do not assist the parties or the Court in determining Respondent's "present income", nor are they reasonably calculated to lead to the discovery of admissible evidence, therefore the information sought is not discoverable.

13. Please list all of your personal expenses that have been paid by D'Angelo & Hashem, LLC or any other entity in which you have a legal or equitable interest from January 1, 2007 to present. For each such expense incurred, please state whether the expense was included in your W-2 from the company. If not, please state why not.

**Objection:**

The time period of this Interrogatory is inappropriate as there is no legitimate reason for Petitioner to obtain this information from January 1, 2007 to the present, as the information sought from 2007 to the present is not relevant to the amount of child support to be paid by Respondent in 2010 and is not likely to lead to the discovery of admissible evidence. The Court cannot "income average" the Respondent's income over the three year period in order to determine child support. Hillebrand v. Hillebrand, 130 N.H. 520 (1988), Rattee v. Rattee, 146 N.H. 44 (2001), State v. Taylor, 904 A.2d 619 (N.H. 2006). Child support must be based on "present income". Rattee at 46. Therefore whether Respondent's employer paid any of Respondent's personal expenses in 2007 and 2008 are not relevant to his "present income" in 2010.

In sum, the requested information does not assist the parties or the Court in determining Respondent's "present income", nor are they reasonably calculated to lead to the discovery of admissible evidence, therefore the information sought is not discoverable.

14. Please state, in complete detail, how your salary from D'Angelo B. Hashem, LLC is determined. Please include the following:

   A. Who determines your salary;
   B. All factors that go into the determination of your salary;
   C. Each date your salary has been determined from January 1, 2007 to present;
   D. Whether your salary varies from pay period to pay period and, if so, why;
   E. Whether you receive bonus or other income in addition to salary from D'Angelo B. Hashem, LLC.

   Please attach all documents concerning the determination of your salary and other income from D'Angelo B. [sic] Hashem, LLC, including the following: minutes of meetings of shareholders, directors, the compensation committee or any other person or persons who aid in the determination of your salary; corporate bylaws; employment contracts or agreements with you; your performance reviews; or your compensation reviews.

**Objection:**

Notwithstanding the misidentification of the firm, the request is overbroad, as it includes documents relative to the firm's business, specifically the document request. As noted above, such violates attorney-client privilege, client confidentiality, and right to privacy of clients. It

7

-
-

violates employee privacy rights as it would force disclosure of personal information in violation of Massachusetts law. At least one employee has already indicated willingness to litigate in Massachusetts. And, Respondent is not authorized to disclose documents belonging to the firm, an independent legal entity which is not made a party to this litigation. Thus, Respondent should not have to produce any such information and documents relative to the firm.

Moreover, the time period of the Interrogatory and document request is inappropriate as there is no legitimate reason for Petitioner to obtain Respondent's employer's financial information from January 1, 2007 to the present as his employer's financial information from 2007 to the present is not relevant to the amount of child support to be paid by Respondent in 2010 and is not likely to lead to the discovery of admissible evidence. The Court cannot "income average" the Respondent's income over the three year period in order to determine child support. Hillebrand v. Hillebrand, 130 N.H. 520 (1988), Rattee v. Rattee, 146 N.H. 44 (2001), State v. Taylor, 904 A.2d 619 (N.H. 2006). Child support must be based on "present income". Rattee at 46.

In sum, the requested information and documents do not assist the parties or the Court in determining Respondent's "present income", nor are they reasonably calculated to lead to the discovery of admissible evidence, therefore the information sought is not discoverable.

17. With respect to every business entity in which you have or have had an interest during the last five (5) years to the present, including, but not limited to, corporations, partnerships, limited partnerships, and sole proprietorships, please set forth the following:

   (a)   the name and address of the business;
   (b)   the type of business (corporation, partnership, limited partnership, sole proprietorship, etc.);
   (c)   percentage of interest held; and if stock, the number of shares held, and the number of shares issued and outstanding;
   (d)   if applicable, the date your interest terminated and the reason for such termination;
   (e)   attach a copy of the prior three (3) years federal and state income tax returns filed for or on behalf of each business entity. If such tax returns are not available to you, please complete and execute one of the enclosed tax return authorizations for any such year.
   (f)   Identify and attach a copy of any and all loan or credit applications filed for or on behalf of each such business entity in the prior three (3) years.

**Objection:**

Notwithstanding the misidentification of the firm, the request is overbroad, as it includes documents relative to the firm's business, specifically parts (e) and (f). Respondent is not authorized to disclose documents belonging to the firm, an independent legal entity which is not made a party to this litigation. Thus, Respondent should not have to produce any such documents relative to the firm.

Moreover, the time period of the Interrogatory and document request is inappropriate as there is no legitimate reason for Petitioner to obtain Respondent's employer's financial information from January 1, 2007 to the present as his employer's financial information from 2007 to the present is

8

not relevant to the amount of child support to be paid by Respondent in 2010 and is not likely to lead to the discovery of admissible evidence. The Court cannot "income average" the Respondent's income over the three year period in order to determine child support. Hillebrand v. Hillebrand, 130 N.H. 520 (1988), Rattee v. Rattee, 146 N.H. 44 (2001), State v. Taylor, 904 A.2d 619 (N.H. 2006). Child support must be based on "present income". Rattee at 46.

In sum, the requested information and documents do not assist the parties or the Court in determining Respondent's "present income", nor are they reasonably calculated to lead to the discovery of admissible evidence, therefore the information sought is not discoverable.

This pleading was prepared with the assistance of a New Hampshire attorney.

WHEREFORE, Respondent respectfully requests that the foregoing Interrogatories and Requests for Production of Documents be stricken, consistent herewith, and a protective order issue precluding such inquiry by Petitioner, and a protective order issue limiting any and all discovery relating to financial matters to the current year and the Respondent's production of his 2009 tax return (once prepared and filed) and for such other and further relief as this Court deems meet and just.

Dated:   June 14, 2010

Respectfully submitted,
Respondent, *pro se*,

Stephen D'Angelo
88 Crawford Road
Chester, NH 03036
Tel: 978-687-8100

### CERTIFICATE PURSUANT TO RULE 1.26(C)

I, Stephen D'Angelo, hereby certify that, pursuant to New Hampshire Family Division Rule 1.26(C), I made a good faith attempt to obtain concurrence in the relief sought.

Dated:   June 14, 2010

Stephen D'Angelo
88 Crawford Road
Chester, NH 03036
Tel: 978-687-8100

### NOTICE PURSUANT TO RULE 1.25(E)(6) AND REQUEST FOR HEARING

I, Stephen D'Angelo, pursuant to New Hampshire Family Division Rule 1.25(E)(6), hereby certify that I attempted in good faith to settle the foregoing objections. Notice is hereby given to

9

the Clerk of this Honorable Court that such objections could not be settled. A hearing on this motion and the within objections is hereby requested.

Dated:        June 14, 2010                           Respectfully submitted,
                                                      Respondent, *pro se*,

                                                      */s/ Stephen D'Angelo*
                                                      Stephen D'Angelo
                                                      88 Crawford Road
                                                      Chester, NH 03036
                                                      Tel: 978-687-8100

## CERTIFICATE OF SERVICE

I, Stephen D'Angelo, hereby certify that a true copy of the foregoing document was served upon Petitioner's counsel of record via first class mail, postage prepaid, this 14th day of June 2010, as follows:

Heather E. Krans, Esq.
Wiggin & Nourie, P.A.
One Harbour Place
Suite 390
P.O. Box 469
Portsmouth, NH 03802-0469

                                                      */s/ Stephen D'Angelo*
                                                      Stephen D'Angelo
                                                      88 Crawford Road
                                                      Chester, NH 03036
                                                      Tel: 978-687-8100

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                                   DERRY FAMILY DIVISION

In the matter of:

Janice D'Angelo and Stephen D'Angelo

Docket No.: 622-2004-DM-00276

**AFFIDAVIT OF STEPHEN D'ANGELO**

I, Stephen D'Angelo, Respondent in the above-captioned matter, hereby state and depose as follows:

1) My name is Stephen D'Angelo and I am the Respondent in the above-captioned matter;
2) Exhibit A, attached hereto and filed herewith, is a true and correct copy of Petitioner's First Set of Interrogatories and Request for Production of Documents;
3) Exhibit C, attached hereto and filed herewith, is a true and correct copy of Affidavit of Saba Hashem;
4) I am a member of D'Angelo & Hashem, LLC (hereinafter "the firm") a Massachusetts Limited Liability Company;
5) The other member of the firm is Saba Hashem, a Massachusetts resident;
6) Under the firm's name, Mr. Hashem and I practice law in the Commonwealth of Massachusetts and we are both admitted to practice law therein;
7) Mr. Hashem has not authorized me to make the objected-to disclosures, thus no majority exists that would empower me to make such disclosures;
8) Certain of the objected-to disclosures, as stated therein, implicate the attorney-client privilege, privacy rights and confidences of clients of the firm, and I am precluded and potentially subject to sanction if I reveal them;
9) Certain of the objected-to disclosures implicate the privacy rights of employees of the firm, at least one of whom has indicated an intent to seek injunctive and monetary relief in the courts of the Commonwealth of Massachusetts against me and the firm if such disclosures are made.

SWORN AND SUBSCRIBED,

_____
STEPHEN D'ANGELO

STATE OF MASSACHUSETTS
COUNTY OF _____

1

Personally appeared the above-named Stephen D'Angelo and made oath that the foregoing statements by him subscribed are true to the best of his knowledge and belief.

Before me,

DATE: June 14, 2010

_____
Justice of the Peace/Notary Public
December 12, 2014 Commission Expiration

2

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                      DERRY FAMILY DIVISION

In the matter of:

Janice D'Angelo and Stephen D'Angelo

Docket No.: 622-2004-DM-00276

**AFFIDAVIT OF SABA HASHEM**

I, Saba Hashem, hereby state and depose as follows:

1) My name is Saba Hashem;
2) I am a member of D'Angelo & Hashem, LLC (hereinafter "the firm") a Massachusetts Limited Liability Company;
3) The other member of the firm is Respondent, Stephen D'Angelo;
4) Under the firm's name, Mr. D'Angelo and I practice law in the Commonwealth of Massachusetts and we are both admitted to practice law therein;
5) I have not authorized Mr. D'Angelo to make the objected-to disclosures, thus no majority exists that would empower him to make such disclosures;
6) Certain of the objected-to disclosures, as stated therein, implicate the attorney-client privilege, privacy rights and confidences of clients of the firm, and I am precluded and potentially subject to sanction if I permit Mr. D'Angelo to reveal them;
7) Certain of the objected-to disclosures implicate the privacy rights of employees of the firm, at least one of whom has indicated an intent to seek injunctive and monetary relief in the courts of the Commonwealth of Massachusetts against the firm if such disclosures are made;

SWORN AND SUBSCRIBED,

_____
SABA HASHEM

STATE OF MASSACHUSETTS
COUNTY OF _____

Personally appeared the above-named Saba Hashem and made oath that the foregoing statements by him subscribed are true to the best of his knowledge and belief.

Before me,

DATE: 6-14-10

_____
Justice of the Peace/Notary Public