# EXHIBIT E



**D'Angelo & Hashem, LLC**
ATTORNEYS & COUNSELORS AT LAW

401 Andover Street, Suite 202
North Andover, MA 01845

Tel: 978-687-8100
Fax: 978-687-8111

June 16, 2011

Robin Pinelle, Clerk
Derry Family Division
10 Courthouse Lane
Derry, NH 03038

Re: Janice D'Angelo and Stephen D'Angelo
Case No. 622-2004-DM-00276

Dear Ms. Pinelle,

Enclosed Please find two copies of the Respondent's Notice of Appeal. This document will also be filed with the Superior Court as required by Family Division Rule 1.31. I am requesting that Judge Moore sign the notice of appeal in accordance with Supreme Court Rule 7 and that one copy be returned to me in the enclosed envelope.

On or about April 15, 2011, my former counsel received an Amended Order on Pending Motions which was reportedly mailed on April 13, 2011. On or about April 21, 2011, my former counsel received an Amended Order on Pending Motions dated May 19, 2011.

Between the last court hearing on March 31, 2011, and the date of the order, my former counsel, Valerie Raudonis, withdrew from this matter. I did not receive the order until several days later after having the order mailed to me by my counsel. Upon receipt of the amended order I served my Motion for Reconsideration on April 29, 2011. As such, I do not believe my Motion for Reconsideration was untimely pursuant to the Family Division Rules Rule 1.26. As such, I would ask the Court to evaluate the Motion to Reconsider on the merits.

Please feel free to contact me should you have any questions or concerns.

Sincerely,

Stephen L. D'Angelo

Enclosure(s) as noted.

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS                           DERRY FAMILY DIVISION

In the matter of Janice D'Angelo and Stephen D'Angelo

2004-M-0276

RESPONDENT'S NOTICE OF INTERLOCUTORY APPEAL

I.  Parties of Record and Counsel

*Petitioner:* Janice Couture  
*Counsel:* Heather Krans, Esq.  
BBO# 13077  
Robert Stein and Associates  
One Barberry Lane  
Concord, NH 03302  
603-228-1109

*Respondent:* Stephen L. D'Angelo *pro se*  
*Mailing address:* 401 Andover St. Ste. 202  
North Andover, MA 01845  
978-687-8100  
*Home Address:* 88 Crawford Road  
Chester, NH 03036

II.  Statement of Facts

Respondent filed a Motion for Reconsideration with the Derry Family Division of the New Hampshire Court relative to the Court's order from a hearing held on March 31, 2011. The Family Division issued and order on April 1, 2011, and the clerk mailed the order on April 13, 2011. Several days later on April 19, 2011, the Court issued and mailed an Amended Order. Both of these orders were mailed to Respondent's former counsel, Valerie Raudonis. Respondent's counsel moved to withdraw on April 19, 2011, however her Motion to Withdraw was not allowed until April 29, 2011. Respondent received the original order and the Amended order issued from attorney Raudonis. Respondent did not receive the order until several days later. Upon receipt of the Amended Order the Respondent drafted the Motion to Reconsider and mailed it to the court on April 29, 2011. The Court denied the motion stating that it was not filed until May 2, 2011, and denied the motion.

Additionally, on April 1, 2011 the Family Division found that the Respondent was in contempt of the Court's orders relative to the production of discovery. Much of the discovery requested by the Petitioner was financial documents from the Respondent's law firm. Such documentation contained confidential client information. The Respondent filed a motion for a protective order which was never fully addressed by the Family Division. Prior to the hearing, Petitioner's counsel continued to request that the Respondent release his entire electronic Quickbooks file which contains client information.

### III. Statement of the Question of Law

A. Whether the court properly denied considering the Respondent's Motion for Reconsideration and evaluating the Motion for Reconsideration on the merits.

B. Whether the court properly found that the Respondent was in contempt of court.

### IV. Reasons that appeal may materially advance the litigation.

This matter stems from a Motion for Modification filed by the Petitioner. During the course of the litigation in this matter, both parties filed multiple motions. The hearing on March 31, 2011, addressed some of these motions as outlined in the Amended Order attached hereto as Exhibit C. By failing to address the Respondent's Motion for Reconsideration on the merits, the Family Court has denied Respondent the opportunity to address the finding of Contempt due to the fact that the Honorable Judge Moore ordered the hearing on March 31, 2011, to continue despite the fact that the Respondent was unable to attend the hearing. Should the Supreme Court fail to order the Respondent's Motion to Reconsider to be heard on the merits, it would irreparably harm the Respondent's matter moving forward. The Respondent was found in contempt of court for failing to produce discovery that would violate his own obligations and the ethical obligations of an uninvolved third party under the laws of the Commonwealth of Massachusetts.

While the Respondent has provided all of the requested discovery to the Petitioner, albeit with confidential information redacted, should the Petitioner request more discovery, a ruling from the Supreme Court will assist in setting the parameters for any future discovery requests.

Dated:                                    Respectfully submitted

                                          Stephen L. D'Angelo, *pro se*
                                          401 Andover Street, Suite 202
                                          North Andover, MA 01845
                                          978-687-8100

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS                     DERRY FAMILY DIVISION

In the matter of Janice D'Angelo and Stephen D'Angelo

2004-M-0276

## MOTION FOR STAY OF ORDER PENDING INTERLOCUTORY APPEAL PURUSANT TO RULE 1.26

Now comes the Respondent, Stephen L. D'Angelo, *pro se,* and moves this Honorable Court to stay the Order of April 19, 2011 pending the interlocutory appeal to the Supreme Court of New Hampshire. In support of this motion, Stephen L. D'Angelo respectfully states:

1. On March 31, 2011, a hearing was held relative to discovery issues in this matter.

2. At that hearing the Respondent was not present due to the illness of his mother.

3. Respondent's former counsel filed a Motion to Continue the hearing on March 31, 2011.

4. Petitioner's counsel objected to the Motion to Continue.

5. Judge Paul S. Moore ordered that the hearing occur without the presence of the Respondent.

6. At the hearing, Judge Moore heard evidence relative to the documents that were produced and could be produced from the Respondent's law firm.

7. On behalf of the law firm Attorney Dan Debruyckere, disclosed to the court that much of the information requested by the Petitioner contained confidential client information which the Respondent would be unable to disclose.

8. At the time of the hearing, the Respondent had produced all documentation available to him which would not disclose confidential client information to the Petitioner.

9. In the Order the Court dated April 19, 2011, found that the Defendant was in Contempt relative to the production of certain documents during the discovery process.

10. In the order the Court ordered that the Respondent be deposed at his own expense.

11. In the order the Court ordered that the Respondent pay to Petitioner's attorney certain attorney's fees relative to the production of discovery in this matter.

12. On June 16, 2011, the Respondent mailed his Notice of Appeal Pursuant to Family Division Rule 8 to the Derry Family Division of the Rockingham District Court. To date, the Notice of Appeal has not been returned to the Respondent.

13. A stay order in this matter would be appropriate as there are genuine questions as to whether the information which was requested by the Petitioner was appropriate and whether such requests violated the confidentiality of the clients of Respondent's law firm.

14. The Respondent is alleging the requests were overly broad and unduly oppressive.

15. The practice of the Respondent's firm is that of a law firm. On behalf of the firm Daniel Debruyckere indicated that the "documents" of the law firm Petitioner requested contain matters that are attorney-client privileged. Attorney client privilege in Massachusetts is set forth as follows:

> "The classic formulation of the attorney-client privilege... is found in 8 J. Wigmore, Evidence § 2292 (McNaughton rev. ed. 1961): (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. The purpose of the privilege is to enable clients to make full disclosure to legal counsel of all relevant facts... so that counsel may render fully informed legal advice with the goal of promot[ing] broader public interests in the observance of law and administration of justice." (Quotations and citations omitted.)

> Commissioner of Revenue v. Comcast Corp., 453 Mass. 293, 303, 901 N.E.2d 1185, 1194 (2009). See also, N.H. R. Ev. 502(b) ("A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client...."). Additionally, Respondent could be subject to professional discipline were he to violate client confidences. See, Mass.R.Prof.Conduct 1.6(b).

16. A stay of the order would prevent any confidential client information being disclosed by the Respondent. In the absence of a stay the Respondent could potentially be required to disclose confidential client information in violation of Mass.R.Prof.Conduct 1.6(b).

17. Additionally, should the Petitioner still wish to depose the Respondent, the Respondent does not object. The Respondent is not adverse to the Petitioner taking his deposition. However, the Respondent would request that the deposition

be at the Petitioner's expense. This stay relative to the deposition will not prejudice the Petitioner as she will still be able to take the deposition of the Respondent. Discovery in this matter is currently ongoing and the Petitioner would not suffer harm should the deposition be postponed. Should the Court rule that the Respondent should be deposed at his expense, any costs that will be associated with the deposition can then be paid by Respondent.

WHEREFORE, the Respondent, Stephen L. D'Angelo, respectfully requests this Court:

A. To stay the Family Division's Order of April 19, 2011, pending a ruling on the appeal should leave to file the appeal be granted; and

B. To grant such other and further relief as this Court deems just and proper.

Dated:    July 1, 2011                    Respectfully submitted,

                                          Stephen L. D'Angelo *pro se*
                                          401 Andover Street, Suite 202
                                          North Andover, MA 01845
                                          978-687-8100 ph
                                          978-687-8111