# EXHIBIT I

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us
### RULE 7 NOTICE OF DISCRETIONARY APPEAL

This form should be used only for an appeal from a final decision on the merits issued by a superior court or circuit court in (1) a post-conviction review proceeding; (2) a proceeding involving the collateral challenge to a conviction or sentence; (3) a sentence modification or suspension proceeding; (4) an imposition of sentence proceeding; (5) a parole revocation proceeding; (6) a probation revocation proceeding; (7) a landlord/tenant action or a possessory action filed under RSA chapter 540; (8) an order denying a motion to intervene; or (9) a domestic relations matter filed under RSA chapters 457 to 461-A, except that an appeal from a final divorce decree or from a decree of legal separation should be filed on a Rule 7 Notice of Mandatory Appeal form.

---

**1. COMPLETE CASE TITLE AND CASE NUMBERS IN TRIAL COURT**

In the Matter of: Janice D'Angelo, Petitioner and Stephen D'Angelo, Respondent
Case No. 622-2004-DM-0276

---

**2. COURT APPEALED FROM AND NAME OF JUDGE(S) WHO ISSUED DECISION(S)**

10th Circuit - Family Division - Derry
Paul S. Moore, Justice

---

**3A. NAME AND MAILING ADDRESS OF APPEALING PARTY. IF REPRESENTING SELF, PROVIDE E-MAIL ADDRESS AND TELEPHONE NUMBER**

Stephen D'Angelo

88 Crawford Road
Chester, NH 03036

E-Mail address: _____
Telephone number: _____

**3B. NAME, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS AND TELEPHONE NUMBER OF APPEALING PARTY'S COUNSEL**

Michael F. Mimno, Esquire
Law Offices of Michael F. Mimno

305 North Main Street
Andover, MA 01810

E-Mail address: mimnolaw@hotmail.com
Telephone number: (978) 470-4567

---

**4A. NAME AND MAILING ADDRESS OF OPPOSING PARTY. IF OPPOSING PARTY IS REPRESENTING SELF, PROVIDE E-MAIL ADDRESS AND TELEPHONE NUMBER**

Janice D'Angelo

13B Dexter Street
Derry, NH 03038

E-Mail address: _____
Telephone number: _____

**4B. NAME, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS AND TELEPHONE NUMBER OF OPPOSING PARTY'S COUNSEL**

Heather E. Krans, Esquire
The Stein Law Firm, PLLC

One Barberry Lane
P.O. Box 2159
Concord, NH 03302-2159

E-Mail address: www.steinlawpllc.com
Telephone number: (603) 228-1109

---

NHJB-2297-SUPREME (03/31/2012)                    Page 1 of 4

Case Name: In the Matter of: Janice D'Angelo, Petitioner and Stephen D'Angelo, Respondent  Case No. 62

RULE 7 NOTICE OF DISCRETIONARY APPEAL

5. NAMES OF ALL OTHER PARTIES AND COUNSEL IN TRIAL COURT

Brian G. Germaine, Esquire - Commissioner
23 Birch Street, Derry, NH 03038

James P. Roche, Esquire - Receiver
130 Parker Street, Suite 30, Lawrence, MA 01843

6. DATE OF CLERK'S NOTICE OF DECISION OR SENTENCING.
05/22/2012

DATE OF CLERK'S NOTICE OF DECISION ON POST-TRIAL MOTION, IF ANY.
N/A

7. CRIMINAL CASES: DEFENDANT'S SENTENCE AND BAIL STATUS
N/A

8. APPELLATE DEFENDER REQUESTED?   ☐ YES   ☑ NO

IF YOUR ANSWER IS YES, YOU MUST CITE STATUTE OR OTHER LEGAL AUTHORITY UPON WHICH CRIMINAL LIABILITY WAS BASED AND ATTACH FINANCIAL AFFIDAVIT (OCC FORM 4)

9. IS ANY PART OF CASE CONFIDENTIAL?   ☑ YES   ☐ NO

IF SO, IDENTIFY WHICH PART AND CITE AUTHORITY FOR CONFIDENTIALITY. SEE SUPREME COURT RULE 12.

Parties' Financial Affidavits

10. IF ANY PARTY IS A CORPORATION LIST THE NAMES OF PARENTS, SUBSIDIARIES AND AFFILIATES.
N/A

11. DO YOU KNOW OF ANY REASON WHY ONE OR MORE OF THE SUPREME COURT JUSTICES WOULD BE DISQUALIFIED FROM THIS CASE?   ☐ YES   ☑ NO

IF YOUR ANSWER IS YES, YOU MUST FILE A MOTION FOR RECUSAL IN ACCORDANCE WITH SUPREME COURT RULE 21A.

12. IS A TRANSCRIPT OF TRIAL COURT PROCEEDINGS NECESSARY FOR THIS APPEAL?
☑ YES   ☐ NO

IF YOUR ANSWER IS YES, YOU MUST COMPLETE THE TRANSCRIPT ORDER FORM ON PAGE 4 OF THIS FORM.

Case Name: <u>In the Matter of: Janice D'Angelo, Petitioner and Stephen D'Angelo, Respondent</u> Case No. 62:

<u>RULE 7 NOTICE OF DISCRETIONARY APPEAL</u>

13. NATURE OF CASE AND RESULT (Limit two pages double-spaced; please attach.)

14. ISSUES ON APPEAL (Limit eight pages double-spaced; please attach.)
    The New Hampshire Supreme Court reviews each discretionary notice of appeal and decides whether to accept the case, or some issues in the case, for appellate review. The following acceptance criteria, while neither controlling nor fully describing the court's discretion, indicate the character of the reasons that will be considered.

    1. The case raises a question of first impression, a novel question of law, an issue of broad public interest, an important state or federal constitutional matter, or an issue on which there are conflicting decisions in New Hampshire courts.
    2. The decision below conflicts with a statute or with prior decisions of this court.
    3. The decision below is erroneous, illegal, and unreasonable or was an unsustainable exercise of discretion.

    Separately number each issue you are appealing and for each issue: (a) state the issue; (b) explain why the acceptance criteria listed above support acceptance of that issue; and (c) if a ground for appeal is legal sufficiency of evidence include a succinct statement of why the evidence is alleged to be insufficient as a matter of law.

15. ATTACHMENTS
    Attach to this notice of appeal the following documents in order: (1) a copy of the trial court decision or order from which you are appealing; (2) the clerk's notice of the decision below; (3) any court order deciding a timely post-trial motion; and (4) the clerk's notice of any order deciding a timely post-trial motion.

    Do not attach any other documents to this notice of appeal. Any other documents you wish to submit must be included in a separately bound Appendix, which must have a table of contents on the cover and consecutively numbered pages.

16. CERTIFICATIONS
    I hereby certify that every issue specifically raised has been presented to the court below and has been properly preserved for appellate review by a contemporaneous objection or, where appropriate, by a properly filed pleading.

    _____
    Appealing Party or Counsel

    I hereby certify that on or before the date below, copies of this notice of appeal were served on all parties to the case and were filed with the clerk of the court from which the appeal is taken in accordance with Rule 26(2).

    June 20, 2012                                _____
    Date                                         Appealing Party or Counsel

Case Name: In the Matter of: Janice D'Angelo, Petitioner and Stephen D'Angelo, Respondent Case No. 62:

RULE 7 NOTICE OF DISCRETIONARY APPEAL

## TRANSCRIPT ORDER FORM

INSTRUCTIONS:
1. If a transcript is necessary for your appeal, you must complete this form.
2. List each portion of the proceedings that must be transcribed for appeal, e.g., entire trial (see Supreme Court Rule 15(3)), motion to suppress hearing, jury charge, etc., and provide information requested.
3. Determine the amount of deposit required for each portion of the proceedings and the total deposit required for all portions listed. Do not send the deposit to the Supreme Court. You will receive an order from the Supreme Court notifying you of the deadline for paying the deposit amount to the court transcriber. Failure to pay the deposit by the deadline may result in the dismissal of your appeal.
4. The transcriber will produce a digitally-signed electronic version of the transcript for the Supreme Court, which will be the official record of the transcribed proceedings. The court also will be provided with a paper copy of the transcript. The parties will be provided with an electronic copy of the transcript in PDF-A format.

| PROCEEDINGS TO BE TRANSCRIBED | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List each day separately, e.g. 5/1/11; 5/2/11; 6/30/11) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | LENGTH OF PROCEEDING (in .5 hour segments, e.g., 1.5 hours, 8 hours) | RATE (standard rate unless ordered by Supreme Court) | DEPOSIT |
| 05/11/2012 | Show Cause Hearing, Motion Hearing | Paul S. Moore | 2 hours | X $137.50 | $ 275.00 |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | X $137.50 | $ |
|  |  |  |  | TOTAL DEPOSIT | $ 275.00 |

| PROCEEDINGS PREVIOUSLY TRANSCRIBED | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List date of each transcript volume) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | NAME OF TRANSCRIBER | DO ALL PARTIES HAVE COPY (YES OR NO) | DEPOSIT FOR ADDITIONAL COPIES |
|  |  |  |  | ☐ Yes ☐ No | TBD |
|  |  |  |  | ☐ Yes ☐ No | TBD |
|  |  |  |  | ☐ Yes ☐ No | TBD |

NOTE: The deposit is an estimate of the transcript cost. After the transcript has been completed, you will be required to pay an additional amount if the final cost of the transcript exceeds the deposit. Any amount paid as a deposit in excess of the final cost will be refunded. The transcript will not be released to the parties until the final cost of the transcript is paid in full.

## ATTACHMENT

13. NATURE OF CASE AND RESULT

This matter involves the adjudication of several matters including a show cause hearing on the petitioner's previously filed Motion for Contempt, petitioner's Motion for Judgment Pro-Confesso related to the prior contempt proceeding and also related to petitioner's Petition to Bring Forward and Modify Child Support.

The parties are formerly husband and wife having been divorced by Decree of the Derry Family Division dated November 3, 2005. There was one child born of the parties' marriage, namely Michael S. D'Angelo born on July 10, 1999. By the Court's Decree, the respondent was ordered to pay to the petitioner the sum of $570.00 bi-weekly as child support, which sum was premised on a base level of $85,000.00 of annual income. The respondent was ordered to pay as additional child support 25% percent of any income earned annually above the $85,000.00 level.

On September 19, 2011, without actually determining the level of the respondent's income, the Court found the respondent in contempt for having failed to pay to the petitioner as additional child support twenty-five (25%) of his gross income earned above the $85,000.00 level for calendar years 2006 through 2010. The respondent was ordered to pay to the petitioner attorney's fees and costs associated with that action in the amount of $12,409.46. At the same time the Court appointed a Commissioner (Attorney Brian Germaine) to determined the respondent's income for the year 2006 through 2010.

The respondent was able to pay only $2,000.00 of the amounts due and owing to the petitioner as reimbursement for attorney's fees and costs. It is important to note

that the Court had also ordered the respondent to pay a $10,000.00 retainer to the Commissioner which was, in fact, paid by the respondent.

Following the hearing on May 11, 2012, despite overwhelming evidence to the contrary, the Court found that the respondent had not met his burden to show cause to justify his non-payment of the balance of attorney's fees and costs to the petitioner. The respondent was ordered to pay the $10,409.46 balance on or before July 1, 2012 and additional attorney's fees and costs up to the amount of $2,000.00.

Utilizing faulty and incomplete data and bootstrapping its decision on the basis of the respondent's ownership of assets awarded to him at the time of the divorce and highly leveraged assets purchased subsequent to the divorce, the Court ordered the respondent to pay child support arrears plus statutory interest for the period 2006 through 2010 in the amount of $94,547.00. The Court also modified the respondent's child support obligation for the period January 1, 2011 through May 31, 2012 by increasing his obligation to the sum of $2,386.00 per month. The Court also ordered the respondent to surrender his membership in D.H. Holdings, LLC, the owner of a 40 foot motorboat, to a court appointed receiver who would sell the boat and deliver its proceeds to the petitioner to satisfy the obligation. The respondent was also subject to pay the Commissioner's additional fees.

Lastly, the Court has ordered the respondent to pay $5,000.00 per month to the petitioner as child support if he appeals the Court's Order, effectively increasing the filing fee for this appeal from the $205.00 level assessed by this Court.

## ATTACHMENT

14. ISSUES ON APPEAL

   1. <u>Petitioner's Verified Motion for Show Cause Hearing</u>:

   <u>Whether or not the Court's decision that the respondent had failed to meet his burden. (preponderance of the evidence) to show cause to justify his non-compliance with Orders of the Court regarding the payment of attorney's fees and costs to the petitioner was erroneous, illegal and unreasonable or was an unsustainable exercise of discretion.</u>

   The respondent is an attorney licensed to practice law within the Commonwealth of Massachusetts. By its decision, the Court totally disregards the nature of the respondent's law practice which specializes in prosecuting personal injury claims from which fees are generated on a contingency basis. The nature of that business has left the firm in dire financial circumstances during the last five years. As a consequence, the respondent has been required to meet his business and personal obligations by taking cash withdrawals from credit card accounts and incurring other loan obligations. The respondent has been late in meeting his payroll obligations. Health insurance, auto insurance and business insurance carriers have all threatened the respondent with cancellation of coverage. In some instances, policies were cancelled and reinstated only after more funds were borrowed to meet the obligations.

   The Court relied on the respondent's compliance with its Order that he pay the Commissioner's retainer in the amount of $10,000.00 as justification that there must be additional available funds to satisfy other Court ordered obligations. The Court also

bootstraps its decision on the respondent's ownership of several highly leveraged assets including the former marital home, motor vehicles used in the business and a motorboat. The Court erroneously reasons that ownership of such assets translates into income affording the respondent the ability to satisfy its Court ordered payments.

 2. <u>Petitioner's Motion for Entry of Judgment Pro Confesso</u>:

 a. <u>Whether the Court's decision adopting the conclusions of the Commissioner in his report and ordering the respondent to pay to the petitioner child support arrears in the amount of $84,349.00 plus statutory interest violates the respondent's due process rights under both the United States Constitution and the New Hampshire Constitution, U.S. CONST. amend. XIV; N.H. CONST. pt.1, art. 15, violates the provisions of RSA 458-C, and is erroneous, illegal and unreasonable or was an unsustainable exercise in discretion</u>.

The Commissioner, by his own admission, had not begun the task of determining the respondent's income until 45 days prior to the May 11, 2012 hearing date despite having been appointed by the Court on September 19, 2011. The Commissioner refused to respond to multiple inquiries made of him via telephone and correspondence by the respondent and his prior counsel as to the documentation and information he would need to complete the task. The Commissioner completed and distributed his report on May 1, 2012 short days prior to the scheduled hearing date. In his report, the Commissioner found that the respondent's child support arrears for the period 2006 through 2010 totaled $84,349.00.

In his report, the Commissioner states as follows:

The Commissioner recognizes that supplemental information including respondent's own detailed accounting of what he believes his gross income was for the years 2006-2010, might alter the characterizations of respondent's expenditures or the computation of his gross income contained in this report. In that event, the Commissioner's calculations could easily be revised as required.

During the next several days, having little time and opportunity to respond, the respondent and his accountants were able to compile a report and analysis demonstrating that the respondent's maximum arrears for the period 2006 through 2010 amounted to $41,775.05 less than one-half the amount stated in the Commissioner's report. The report was immediately sent to petitioner's counsel and the Commissioner upon its completion. The Court refused to allow the report into evidence at the May 11, 2012 hearing despite the attendance of the respondent's accountant at that hearing who had conducted the study and authored the report.

Utilizing faulty and incomplete data and bootstrapping its decision again on the basis of the respondent's ownership of assets awarded to him at the time of the divorce or highly leveraged assets purchased subsequent to the divorce, the Court ordered the respondent to pay child support arrears plus statutory interest for the period 2006 through 2010 in the amount of $94,547.00.

Contrary to the Court's findings, the respondent was compliant in responding to discovery requests. The Court paid little heed to the respondent's ethical obligation to maintain the confidentiality of his own clients' information and was not persuaded by the directives given to the respondent by the Massachusetts Board of Bar Overseers. The

respondent was not in a position to provide un-redacted copies of his Quick Books information.

The Court also committed an error by relying on a report previously commissioned by the petitioner and authored by Nathan Wechsler. The methodology of that report was faulty and did not pass the <u>Daubert</u> standard. Mr. Wechsler simply took a sample of credit card statement charges from the respondent's law firm accounts and, after making an assumption that they were personal expenses to the respondent, proceeded to apply the percent of those "personal expenses" to all credit card expenses and attributed that amount to the respondent as income. No principal in accounting exists which permits that methodology as being reliable.

The Court's authority to hear any portion of this matter relative to respondent's income for 2006 is also in question due to the principles of collateral estoppel. The issue of income was decided in a Court Order dated December 27, 2006. The Court set the respondent's biweekly payment at $570.00. The Court never determined whether the meaning of 25% should apply to the respondent alone or whether the Court should also look at petitioner's income to determine what is a fair weekly child support payment or whether that order dated December 27, 2006 would apply going forward to the years 2007, 2008 and 2009 unless there was a substantial material change in circumstances.

b. <u>Whether the Court's decision modifying the respondent's child support obligation by increasing it to the amount of $2,386.00 per month violates the respondent's procedural due process rights under both the United States Constitution and New Hampshire Constitution, U.S. CONST. amend. XIV; N.H. CONST. pt.1, art.</u>

15; violates the provisions of RSA 458-C; and was erroneous, illegal and unreasonable or was an unsustainable exercise of discretion.

The Court again relies on the erroneous findings of the Commissioner in modifying the Decree of Divorce and ordering the respondent to pay $2,386.00 per month in child support effective January 1, 2011. Furthermore, the Court's decision provides no basis for modifying the formula contractually agreed to by the parties and incorporated into the Decree of Divorce, i.e. that the respondent would pay child support based upon a base level of annual income in the amount of $85,000.00 plus 25% of any amount earned in excess of $85,000.00.

c. Whether the Court's decision to order the respondent to transfer his membership in D.H. Holdings, LLC and all of its assets to a court appointed receiver was erroneous, illegal and unreasonable or was an unsustainable abuse of discretion since the child support obligations themselves are similarly erroneous, illegal and unreasonable or constitute an unsustainable abuse of discretion.

3. Commissioner's Motion for Fees:

Whether the Commissioner has waived his claim for additional fees by his failure to meet his responsibility to accurately determine the respondent's income for the period 2006 through 2010 and by his failure to disclose a conflict of his associate counsel with the respondent.

The Commissioner's failure to respond to the inquiries of the respondent and his prior counsel constituted a breach of the Commissioner's duty to conduct himself with competence. Consequently, the Commissioner violated the provisions of Ethical Rule 1.1. The Commissioner should also have disqualified his firm from acting on this matter

based on a conflict of interest. Attorney Elizabeth Richter, who is associated with the Commissioner's law firm, was instrumental in analyzing the respondent's business records and drafting the Commissioner's report. She appeared at the Court's hearing on May 11, 2012. Attorney Richter's husband, Matthew Stover and the respondent had been involved in a political dispute in the town of Chester in 2010 and 2011. Their relationship was such that the two men nearly engaged in a fist fight. The Commissioner's failure to disclose the conflict constituted a violation of Ethical Rules 1.10, 1.7 and 5.2.

4. <u>Whether the Court's decision imposing a monthly $5,000.00 child support obligation upon the respondent in the event of his appeal of its Order violated the respondent's due process rights under both the United States Constitution and the New Hampshire State Constitutions. U.S. CONST. amend XIV; N.H. CONST. pt. 1, art.15 and whether that provision of the Court's Order was erroneous, illegal and unreasonable or was an unsustainable exercise of discretion.</u>

In effect, the Court's Order is an attempt to bar the respondent from pursuing his appeal. The $5,000.00 monthly child support obligation is nothing more than a sanction. There is no evidence in the record indicating that the respondent has the financial capability to satisfy the obligation. The $5,000.00 figure was arbitrarily chosen by the Court which, although in error, actually determined the respondent's current monthly child support obligation to be $2,386.00. The $5,000.00 amount is more than double the Court's Order.