UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
*************************************)
Stephen L. D'Angelo,                 )
Plaintiff                            )
                                     )
v.                                   )      C.A. No.:  1:12-cv-411-SM
                                     )
New Hampshire Supreme Court,         )
Brian Germaine, Esq.,                )
Defendants                           )
                                     )
*************************************
```

## MEMORANDUM IN SUPPORT OF A TEMPORARY RESTRAINING ORDER INJUNCTION AND PRELIMINARY INJUNCTION

### I. INTRODUCTION

This Memorandum in Support of Temporary Restraining Order and Preliminary Injunction relies on the Verified Complaint filed on October 25, 2012 in the United States District Court for the District of New Hampshire by the Plaintiff, Stephen D'Angelo("Plaintiff"). The Plaintiff is requesting that this Court enjoin the courts of New Hampshire from enforcing all court orders arising from Derry Family Court Order of May 22, 2012 that the court promulgated without consideration of due process as the court failed, neglected and refused to have a hearing. See **Exhibit K** ( Affidavit of Attorney Michael Mimno).

On appeal of that Order the New Hampshire Supreme Court refused to consider the matter according to the definition outlined in Rule 3 paragraph(9). The application of Rule 3 creates a reckless indifference and wanton disregard for Constitutional due process rights guaranteed under Amendment 14 and Amendment 5 of the United States Constitution that states

1.

no property can be taken without due process. The Defendant deprived the Plaintiff of substantive due process rights in violation of the New Hampshire Constitution, United States Constitution and 42 U.S.C. § 1983 and further failed, neglected and or refused to permit the plaintiff a hearing to participate by giving evidence that would contradict a report issued by a Commissioner, Defendant Brian Germaine, appointed by the court. The Commissioner's Report contained misinformation and conjecture that the court relied on in making its findings. Further, Defendant Germaine misrepresented to the family court judge his efforts to contact the Plaintiff through his attorney at that time, attorney Daniel DeBruyckere. See Exhibit L (Affidavit of Attorney Daniel DeBruyckere).

Plaintiff was not given an opportunity at a hearing held on May 11, 2012 to present his evidence that challenged the findings contained within the Commissioner's Report. The family court with its peculiar rules of operation can make Orders without an evidentiary hearing and then provides no process by which a family court judge is reviewed for error or abuse of discretion by a higher court, the New Hampshire Supreme Judicial Court. The New Hampshire Supreme Court Rule 3 is designed to limit access for review of a family court's ruling in order to insulate the New Hampshire Supreme Court from the types of appeals that the New Hampshire Supreme Court perceives as clogging the docket. An appeals court is reasonably expected to remain involved and provide oversight on judicial decisions that abuse discretion, are draconian in that they prescribe penalties not contemplated by any statute, do not follow the law, and are decided without due process.

Plaintiff request this court stay any further proceedings relative to child support in the family court of New Hampshire presently pending in the Plaintiff's matter and as a direct result of the Derry Family Court Order of May 22, 2012 and enjoin the court from issuing any further orders

that rely on the Commissioner's Report and other financial information that the court has relied on that relate to Plaintiff's income for the years 2006, 2007, 2008 and 2009 including the implementation of any and all current and future orders until a full evidentiary hearing is held on the merits and or such time as this court tries the matter.

Absent immediate court intervention the Plaintiff will suffer irreparable harm as the court has issued orders to encumber Plaintiff's 401k Retirement Funds, order the sale of the Plaintiff's home, ordered a receiver to take possession of Plaintiff's interest in a limited liability company that owns a boat, order additional payment to the Defendant, Brian Germaine, for additional work on the Commissioner's Report under threat of capias and the payment of the five thousand dollar($5,000) monthly penalty(three months) that was part of the May 22, 2012 Order penalizing the Plaintiff for appealing the May 22, 2012 Order.

## II. STATEMENT OF FACTS

Plaintiff incorporates by reference the factual allegations contained in the Verified Complaint.

## III. ARGUMENT

### A. Standards for Issuance of Temporary Restraining Order and Preliminary Injunction

In determining whether to grant relief prior to trial, the Court must consider four factors:

(1) The likelihood of success in the underlying dispute between the parties; (2) Whether the Plaintiff will suffer irreparable injury if the injunction is not issued; (3) the injury to the defendants if the injunction is issued; and (4) the public interest.

A strong showing of a likelihood of irreparable injury substantially lessens the Plaintiff's need to demonstrate the likelihood of success on the merits. Maryland Undercoatings Co. v. Payne, 603 F.2d 477, 481 (4th Cir. 1977). The strong likelihood of success on the merits likewise reduces the need to meet the other requirements. Id. Irreparable injury would be a threatened forfeiture of a

property interest which warranted immediate relief. Hypertherm, Inc. v. Precision Products, Inc,, 832 F.2d 697 (1st. Cir. 1987). Deprivation of constitutional rights is to be considered per se irreparable for deciding preliminary injunction applications. See Elrod v. Burns, 427 U.S. 347, 373(1976).

In this case, a temporary restraining order and preliminary injunction are both necessary and appropriate because the Plaintiff has a strong likelihood of prevailing on its claims and would suffer imminent and irreparable harm if such interim relief were to be denied. The defendants, in contrast, will not be meaningfully harmed by the issuance of the requested temporary restraining order and preliminary injunction; this relief will best serve the public interest as the deprivation of constitutional rights that Supreme Court Rule 3 embodies prevents access to the New Hampshire Supreme Court; and that no court orders should be issued where property is deprived without a full evidentiary hearing as guaranteed by the United States Constitution Amendment 14 and Amendment 5.

### B. The Standards for Issuing a Temporary Refraining Order and a Preliminary Injunction are Satisfied Here

The standards for granting intern injunctive relief are satisfied in this case.

#### 1. Likely to succeed on the Merits

For the reasons stated in the Verified Complaint Plaintiff is likely to succeed on the merits. The family court failed to address the issue of collateral estoppel relative to the Order and Protective Order issued December 27, 2006; the Commissioner's Report in which the family court relies upon is seriously flawed and substantially inaccurate which the family court adopted without hearing and issued an Order dated May 22, 2012 which is the basis for the orders of the court to: encumber Plaintiff's 401k Retirement Funds; order the sale of the Plaintiff's home; the

order appointing a receiver to take possession of Plaintiff's interest in a limited liability company that owns a boat; order additional payment to defendant Germaine for claimed additional work on his Commissioner's Report; and the payment of $5,000.00 per month (three months) for appealing the Order dated May 22, 2012.

### a.) Family Court Violation of Due Process

Order dated May 22, 2012 violates Due Process rights guaranteed by the United States Constitution as the family court refused to have a hearing on the Commissioner's Report, refused to allow any testimony that contradicted the Commissioner's Report, permit testimony of the Plaintiff's CPA or even permit the findings of the CPA into evidence. The court refused to allow any discussion on the matter. The Plaintiff's due process rights are undermined, defeated, or otherwise violated when the family court stated in its order that the plaintiff would pay $5,000.00 per month during the pendency of an appeal as a penalty should the family court Order be appealed.

### b.) Defendant New Hampshire Supreme Court Rule 3 Violates United States Constitution Amendment 14 Due Process Guarantees

The New Hampshire Supreme Judicial Court refusal to review the decision of a lower court decision, the family court, regardless that the lower court refused to have a hearing on the merits violates the United States Constitution Fifth and Fourteenth Amendments. The New Hampshire Supreme Judicial Court Rule 3 defines when an appeal from a family court matter to the New Hampshire Supreme Court is permitted.

Rule 3 is the creation of the New Hampshire Supreme Court which is apparently supposed to distinguish fact based appeals from law based appeals and is exclusively used in domestic relations matters. The appeal from the Order of May 22, 2012 that was considered a Discretionary Appeal by the Supreme Judicial Court by its rule in spite of the fact that the

5.

Appeal submitted by the Plaintiff was based on the misapplication of the law. See Verified Complaint **Exhibit I** (Notice of Appeal of May 22, 2012 Order).

The procedures used in deciding appeals must comport with due process and equal protection. "Under paragraph (9), only appeals from final divorce decrees or legal separation are mandatory appeals. Any other appeal from a final decision on the merits issued in or arising out of, a domestic relations matter filed…is not a mandatory appeal." SUP.CT.R. 3, *Comment* New Hampshire Supreme Court Rule 3 violates Due Process, violates the United States Constitution Fifth and Fourteenth Amendments, and Equal Protection in that it distinguishes who can appeal a matter and how that appeal is treated differently within the structure of the Civil Docket, Criminal Docket and Family Law Docket. Accordingly, Rule 3 violates due process, equal protection, and the constitutional rights to equal access to the courts. U.S. CNST., amds. 5 & 14; N.H. CONST., pt. I, art.8 ("Government….should be open, accessible, accountable and responsive")N.H. CONST., pt. I art.14 ("every subject…entitled to… recourse to the laws"); N.H. CONST., pt.I, arts. 12 & 15 (due process and equal protection).

c.) **Family Court Reliance on Commissioner Report**

Family Court relied on the seriously flawed and substantially inaccurate report prepared by the court appointed commissioner, Defendant Germaine. Further, Defendant Germaine misrepresented to the court his efforts to contact the Plaintiff by inferring that the Plaintiff was uncooperative. The court adopted the report without a hearing and issued an Order dated May 22, 2012 which has become the basis for the court to issue orders seizing property and real estate without hearing violates the Fifth Amendment as well as the Fourteenth Amendment.

Accordingly the Plaintiff has a substantial likelihood of prevailing on its claims. Further, deprivation of constitutional rights is to be considered per se irreparable for deciding preliminary injunction applications.

2. **Plaintiff Has, and Will Continue To, Suffer Irreparable Harm if Defendant, New Hampshire Supreme Judicial Court and its Subdivision Derry Family Court Are Not Restrained**

The Supreme Court has explained that loss of a constitutional right, for even minimal period of time, unquestionably constitutes irreparable injury. See Elrod v. Burns, 427 U.S. 347, 373(1976). In addition, when the failure to grant injuctive relief creates the possibility of the permanent loss of property, the irreparable injury prong is satisfied.

Absent immediate court intervention the Plaintiff will suffer irreparable harm as the court has issued orders to encumber Plaintiff's 401k Retirement Funds, order the sale of the Plaintiff's home, ordered a receiver to take possession of Plaintiff's interest in a limited liability company that owns a boat, order additional payment to the Defendant, Brian Germaine, for additional work on the Commissioner's Report under threat of capias and the payment of the five thousand dollar($5,000) monthly penalty(three months) that was part of the May 22, 2012 Order penalizing the Plaintiff for appealing the May 22, 2012 Order.

3. **Defendants Will Suffer No Meaningful Harm From Complying with a Temporary Restraining Order and Preliminary Injunction**

A temporary restraining order and preliminary injunction enjoining Defendant New Hampshire Supreme Court as administrator of the Derry Family Court from enforcing orders of the Derry Family Court that are based on an irreconcilably inaccurate report is the basis for the court to issue orders seizing property and real estate. The preservation of the status quo in the child support payments of $570.00 bi-weekly while this matter is pending does not create any harm to the intended beneficiary. The Plaintiff's ex-spouse is remarried and makes a six figure

income, more than the present income of the Plaintiff. Any harm is outweighed by the Constitutional considerations by the defendant's failure to meet the Constitutional requirements of due process and equal protection. In essence, the defendant would not have a legal interest in the enforcement of an unconstitutional rule. Damages that defendant Germaine would be liable for will increase substantially if the temporary restraining order and preliminary injunction is not issued so Defendant Germaine is a beneficiary of this courts enjoining Defendant New Hampshire Supreme Court as administrator of the Derry Family Court from enforcing orders of the Derry Family Court.

### 4. Issuance of a Temporary Restraining Order and a Preliminary Injunction Will Serve the Public Interest.

New Hampshire Supreme Court Rule 3 is a response to a crowded docket. The family court is required to resolve these matters and it appears that New Hampshire Supreme Court Rule 3 was a prophylactic measure to substantially reduce the crowded docket of both the family courts and the New Hampshire Supreme Court. The family court in an attempt end the Plaintiff's matter added the additional gauntlet admonishing that if an appeal was pursued there would be a penalty for filing an appeal, something that is neither authorized by any rule or statute.

Refusing to hear appeals, because most appeals follow the discretionary track in domestic matters as promulgated New Hampshire Supreme Court Rule 3 should not be how the legal system in New Hampshire operates. The majority of persons, most pro se, in the family court cannot even grasp the legal issues of their matter never mind afford a remedy to redress an issue if it is decided incorrectly. There is therefore a significant public interest in the federal court reviewing the Constitutional issues brought to this court's attention.

### Plaintiff should not be required to Post a Bond

Federal courts construing Federal Rule of Civil Procedure 65 permit a trial court to require no bond where the nonmoving party failed to demonstrate any injury. "[T]he trial judge has wide discretion in the manner requiring security and if there is an absence of proof showing likelihood of harm, certainly no bond is necessary." Continental Oil Co. v. Frontier Refining Co., 338 F.2d 780, 782 (10th Cir. 1964); accord Doctor's Assocs., Inc. v. Stuart, 85 F.3d 975, 985 (2d Cir. 1996);

Here there is no indication that Defendant, New Hampshire Supreme Court and its affiliate Derry Family Court will suffer any cognizable harm during the time that a temporary restraining order and preliminary injunction are in effect. This motion simply preserves the status quo. Because the Defendant, New Hampshire Supreme Court and its affiliate Derry Family Court will not be harmed by the issuance of a temporary restraining order or preliminary injunction, Plaintiff should not be required to post a bond.

### IV. CONCLUSION

For the foregoing reasons the plaintiff respectfully requests that its motion for a temporary restraining order and preliminary injunction be granted.

Dated this 1st day of November, 2012

                                                Respectfully submitted,
                                                Stephen D'Angelo

                                                _/s/ Stephen D'Angelo_
                                                Stephen D'Angelo
                                                401 Andover Street, Suite 202
                                                North Andover, Massachusetts 01845
                                                978-687-8100
                                                sld@lawyeradvocates.com