**AFFIDAVIT OF ATTORNEY MICHAEL MIMNO**

I, Michael Mimno, hereby depose and state as follows:

1. My name is Michael Mimno;

2. I am attorney in private practice licensed in Massachusetts and New Hampshire.

3. My business address is 305 North Main Street, Andover, MA 01810.

4. I was retained to represent Stephen D'Angelo In the Matter of Janice D'Angelo and Stephen D'Angelo 10th Circuit-Family Division-Derry Case No. 622-2004-DM-276.

5. I represented Stephen L. D'Angelo beginning on April 24, 2012.

6. On April 26, 2012 I spoke with Attorney Brian Germaine who was appointed by the court as Commissioner. I suggested to him that Mr. D'Angelo, Mr. D'Angelo accountant and I meet with him in advance of issuing his report in order that we may have input into the process. Attorney Germaine declined.

7. Prior to my efforts, Mr. D'Angelo was represented by Attorney Daniel DeBruyckere who was unsuccessful in his attempts to contact Attorney Germaine to provide him with financial information relative to his appointment as Commissioner.

8. On or about May 1, 2012, a mere ten days prior to the Court scheduled for May 11, 2012 hearing, I received and reviewed the Commissioners Report with my client, Stephen D'Angelo and his CPA accounting firm Saba, Coleman and Hunt of Tewksbury, Massachusetts to reconcile the errors in the report.

9. In his report, the Commissioner states in part the following:

    The Commissioner recognizes that supplemental information including respondent's own detailed accounting of what he believes his gross income was for the years 2006-2010, might alter the characterizations of respondent's expenditures or the computation of his gross income contained in the report. In that event, the Commissioner's calculations could easily be revised as required.

10. During the next several days, having little time and opportunity to respond, Mr. D'Angelo and his accountants were able to compile a report and analysis demonstrating that Mr. D'Angelo maximum child support arrears for the period 2006 through 2010 amounted to a figure less than one-half the amount stated in the Commissioner's report. The report prepared by Mr. D'Angelo's accountants

was immediately sent to counsel for Janice D'Angelo and the Commissioner upon its completion.

11. The Court refused to allow the report of Mr. D'Angelo's accountant into evidence at the May 11, 2012 hearing despite the attendance of Mr. D'Angelo's accountant at the hearing who had conducted the study and authored the report. Consequently, I was not permitted the opportunity to present evidence favorable to Mr. D'Angelo and clearly relevant to the issues before the court.

12. I noted my objection to the court at the time.

13. Following the hearing the court issued its Order of May 22, 2012 and adopted the conclusions of the Commissioner's Report.

14. I submitted a Notice of Discretionary Appeal to the New Hampshire Supreme Court on June 20, 2012. According to Rule 3 paragraph (9) of the Rules, the Court has the discretion to refuse to consider Mr. D'Angelo's Appeal.

15. The New Hampshire Supreme Court subsequently declined to hear Mr. D'Angelo's Appeal.

Signed under the pains and penalties of perjury this 1st day of November, 2012

_____
Michael Mimno, Esq.