## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Stephen L. D'Angelo

    v.                                    Civil No. 12-cv-411-SM

New Hampshire Supreme Court, and
Brian Germaine, Esq.


### REPORT AND RECOMMENDATION


Stephen L. D'Angelo has filed this action (doc. no. 1) seeking damages and injunctive relief, alleging that the state courts violated his Fifth and Fourteenth Amendment rights during child support proceedings to which he was a party.  Because D'Angelo is filing pro se, the magistrate judge conducts a preliminary review to determine whether the court has subject matter jurisdiction.  See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(A); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Also before the court is D'Angelo's motion for a temporary restraining order and preliminary injunction (doc. no. 3), which the district judge has referred to this magistrate judge for consideration and a recommendation as to disposition.  For the

reasons that follow, the court recommends that the complaint be dismissed, and the motion (doc. no. 3) be denied.

## Standard for Subject Matter Review

A court may examine an action at any time to determine whether it has subject matter jurisdiction over the matter. See Godin v. Schencks, 629 F.3d 79, 83 (1st Cir. 2010). In conducting a preliminary review of a complaint to determine whether the court has subject matter jurisdiction, pursuant to LR 4.3(d), the court must credit as true plaintiff's well-pleaded factual allegations, and draw all reasonable inferences from them in the plaintiff's favor. See Sanchez ex rel. D.R.-S. v. United States, 671 F.3d 86, 92 (1st Cir. 2012) (standard applicable to Rule 12(b)(1) motions). In conducting such a review, the court must afford a liberal construction to pleadings filed pro se. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

Plaintiff has been embroiled in state court litigation concerning child support for his child since at least 2006. It is apparent on the face of the complaint, and exhibits attached thereto, that the state court litigation has been contentious. In 2010, during a round of the litigation, the Derry Family

2

Court ("DFC") entered a default judgment against the plaintiff
for, among other things, multiple incidents of delaying
discovery and other aspects of the proceedings, and failing to
cooperate with Brian Germaine, a commissioner appointed by the
DFC to review and report on plaintiff's financial information.
At the time the default judgment was entered, a number of issues
were pending before the court, and plaintiff had expected a
hearing on those issues.  Plaintiff appealed the denial of
relief as well as the denial of a hearing to the New Hampshire
Supreme Court ("NHSC").  The NHSC declined the notice of appeal
prior to plaintiff's commencement of his federal court action.

Claims

Plaintiff's claims boil down to two grounds for relief:

    1.   Plaintiff's Fifth and Fourteenth Amendment rights
were violated by the Derry Family Court when the court
exercised control of plaintiff's real and personal property
without affording him an adequate opportunity to be heard.

    2.   Brian Germaine, the Commissioner appointed by the
Derry Family Court, failed to carry out his duties
properly, in violation of state law.

Plaintiff seeks damages against the NHSC and Germaine, and
injunctive relief to prevent the enforcement of the DFC's orders
resolving the child support case.

Discussion

The Rooker-Feldman doctrine limits the subject matter jurisdiction of the district courts.  The doctrine, with certain exceptions not relevant here, "precludes a lower federal court from entertaining a proceeding to reverse or modify a state judgment or decree to which the [plaintiff] was a party." Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003). Rooker-Feldman is applicable in limited circumstances in which the losing party in state court files suit in federal court after the state court proceedings have ended, and seeks district court review and rejection of state court judgments.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005); Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 21 (1st Cir. 2005).  Rooker-Feldman applies if the claims raised in the state courts are asserted in the federal case, or if the claims asserted in the federal court case are "'inextricably intertwined' with a state court judgment," such that "the district court is in essence being called upon to review the state-court decision."  Brown v. Bowman, 668 F.3d 437, 442 (7th Cir.) (citations omitted), cert. denied, 184 L. Ed. 2d 37 (2012).  A federal claim is "'inextricably intertwined'" with a state court judgment if "it

4

alleges that the supposed injury was caused by the state court judgment." Id.

When Rooker-Feldman is applicable, the federal district court lacks subject matter jurisdiction to review the state court decision even if the judgment is wrong or was entered following patently unconstitutional proceedings. See D.C. Ct. App. v. Feldman, 460 U.S. 462, 486 (1983). Once the state court proceedings have ended, the parties may seek review of the state court judgments, if at all, in the United States Supreme Court, pursuant to 28 U.S.C. § 1257 (providing for certiorari jurisdiction over final state court judgments), but may not ask for review and rejection of those judgments in the federal district courts. See Federación de Maestros, 410 F.3d at 25.

Here, all of the state court proceedings at issue ended before D'Angelo filed this federal action. Moreover, D'Angelo has asked this court to deem null and void DFC orders that were rendered final when the NHSC declined D'Angelo's appeal thereof. Specifically, D'Angelo asks this court to enjoin the state courts from enforcing the DFC orders in D'Angelo's child support case, on the basis that the orders were unconstitutional.

D'Angelo's claims are, at their core, the claims of a disgruntled litigant, seeking federal district court review of state court judgments, filed after the state proceedings have

ended, and rooted in a belief that the judgments are wrong and injurious to him.  To adjudicate D'Angelo's claims, this court would necessarily be called upon to review the validity of the DFC's orders and the NHSC's decision to decline D'Angelo's appeal.  The Rooker-Feldman doctrine precludes such review by this court, insofar as D'Angelo's federal claims are inextricably intertwined with the state court decisions at issue.

Because D'Angelo's federal claims are subject to the Rooker-Feldman doctrine, this court lacks subject matter jurisdiction to adjudicate them, and the complaint (doc. no. 1) should be dismissed on that basis.  Should the district judge accept the recommendation to dismiss the case, the motion for injunctive relief (doc. no. 3) should be denied as moot.

## Conclusion

For the foregoing reasons, the court recommends dismissal of the complaint in this matter (doc. no. 1), and denial of plaintiff's motion for a temporary restraining order and preliminary injunction (doc. no. 3).  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to

appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____

Landya McCafferty
United States Magistrate Judge

November 8, 2012

cc:  Stephen L. D'Angelo, pro se

LBM:jba