UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
***************************************
Stephen L. D'Angelo,                   *
       Plaintiff                       *
                                       *
v.                                     *
                                       *
New Hampshire Supreme Court,           *
Brian Germane, Esq.,                   *
       Defendants                      *
                                       *
***************************************
```

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
BY THE NEW HAMPSHIRE SUPREME COURT**

The New Hampshire Supreme Court, by and through counsel, the office of the Attorney General, submits this memorandum of law in support of their motion to dismiss the complaint. In support thereof, Defendant states as follows.

**I.      Summary of Complaint Claims**

The complaint and documents of which the court should take judicial notice demonstrate that at bottom, Plaintiff is asking the federal court to vacate and reverse orders of the Derry Family Court ("DFC") that were appealed to the New Hampshire Supreme Court ("NHSC") but that were declined by the NHSC, and/or to require the DFC to provide a further evidentiary hearing.  *See* Complaint and NHSC order declining Discretionary Appeal, attached as Exhibit A. While D'Angelo complains mightily and at length about what the DFC did, in this complaint he has not named the DFC, but only the NHSC.  He characterizes his complaint as arising under the 5th and 14th Amendment due process clause and Section 1983, based on the fact that the NHSC rules provide only a discretionary appeal, not a mandatory appeal under Supreme Court Rule 3. *See* Complt., ¶ 98 and Counts I, II, III.  However he seeks to enjoin the DFC orders and he also

requests that this court require the DFC to provide an evidentiary hearing.  *See* Complt., Counts I, II, III and prayer for relief.

## II.     Standard For Motion To Dismiss

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court takes all well pleaded facts in the complaint as true and draws all reasonable inferences in the Plaintiff's favor.  However, the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-563 (2007) rejected the "no set of facts" formulation in favor of a more rigorous standard that requires more of the plaintiff.  Although a complaint "does not need detailed factual allegations," *Bell Atl. Corp.*, 550 U.S. at 555-56, the court should reject "unsupported conclusions or interpretations of law," *Estate of Bennett*, 548 F.3d 155, 162 (1st Cir. 2008) (quotations omitted), and the allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555-56.  Put differently, dismissal is appropriate "if the complaint fails to state facts sufficient to establish a claim to relief that is plausible on its face." *Gray*, 544 F.3d at 324 (quotations omitted); *see Estate of Bennett*, 548 F.3d at 162 (to survive dismissal, a complaint "must possess enough heft to set forth a plausible entitlement to relief" (quotations omitted)).

This more stringent standard was recently confirmed and elaborated on by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 1949 (2009).  The court made it clear that "[f]irst, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.  The court also made it clear that the *Bell Atl. Corp*. standard applies to all federal civil cases. *Id*. at 1941. Justice Souter writing for the First Circuit provided further clarification of the "plausibility"

requirement, reinforcing that while plausibility is not akin to "probability," more is required than a sheer possibility that a defendant has acted unlawfully. *Sepulveda-Villarini v. Dept. of Educ. of Puerto Rico*, 628 F.3d 25, 29 (1st Cir. 2010).

In determining a motion to dismiss the court is generally confined to the pleadings. However, a court may consider matters of official records, including documents from prior state court proceedings, without being required to convert a Rule 12(b)(6) motion to a motion for summary judgment. *Giragosian v. Ryan,* 547 F.3d 59, 66 (1st Cir. 2008), *In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 15 (1st Cir. 2003); *Boateng v. InterAmerican University, Inc.,* 210 F.3d 56, 60 (1st Cir. 2000), *cert. denied* 531 U.S. 904. *See also Watterson v. Paige*, 987 F.2d 1, 3-4 (1st Cir. 1993). Likewise, matters that are appropriate for judicial notice are not outside the pleadings for purposes of determining whether a motion must be converted to one for summary judgment. *Cruz v. Melecio*, 204 F.3d 14, 21 (1st Cir. 2000); *Rodi v. Southern New England School of Law*, 389 F. 3d 5, 12 (1st Cir. 2004). Additionally, the court must consider not only the complaint, but documents annexed to it or other materials fairly incorporated within it, which may include documents that are referred to in the complaint, but not attached. *Id*. Rule 12 motions based on jurisdictional grounds, may also include consideration of material outside the pleadings without converting the motion to one for summary judgment. *See Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947); *General Contracting & Trading Co., LCC v. Interval, Inc*., 899 F.2d 109, 114-115 (1st Cir. 1990).

### III.   Legal Argument

    **A.   The *Rooker-Feldman* Doctrine Bars This Action**.

As found by the Magistrate Judge in her report and recommendation on November 8, 2012, (*see* ECF Dkt # 8), D'Angelo indisputably requests that the federal court enjoin or reverse

decisions of the DFC and NHSC. *See* Complt., ¶ 112, 117, and Exhibit A. The *Rooker-Feldman* doctrine precludes a federal district court from reviewing a final judgment of a state court. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006) (under *Rooker-Feldman* doctrine, federal district courts are precluded from exercising appellate jurisdiction over final state-court judgments); *Rooker*, 263 U.S. at 416. The *Rooker-Feldman* doctrine applies only in limited circumstances, to cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Galibois v. Fisher*, 174 Fed. Appx. 579, 580 (1st Cir. 2006) (citing *Lance*, 546 U.S. at 464-65 and *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 291 (2005)), *see also Silva v. Massachusetts*, 351 Fed. Appx. 450, 455 (1st Cir. Mass. 2009), *Davison v. Govt of Puerto Rico*, 471 F.3d 220, 222-223 (1st Cir 2006). *Rooker-Feldman* further forecloses federal court jurisdiction over claims that are inextricably intertwined with the claims adjudicated in a state court proceeding. *See Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009). "A federal claim is inextricably intertwined with the state court claims 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Sheehan v. Marr*, 207 F.3d 35, 40 (1st Cir. 2000) (quoting *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999)); *see Miller,* 586 F.3d at 59 (*Rooker-Feldman* bars jurisdiction where parties who lost in state court seek review and rejection of state court judgment on legal grounds not actually litigated in state court).

 Once a state court issues a final judgment, a federal district court lacks jurisdiction to review the decision even if the state court judgment is patently wrong or was entered following patently unconstitutional proceedings. *See Feldman*, 460 U.S. at 486. Thus, a litigant may not seek to reverse a final state court judgment simply by recasting his complaint in the form of a

4

civil rights action.  *See Fortune v. Mulherrin*, 533 F.2d 21, 22 (1st Cir. 1976); *see also Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993).

Here, the DFC entered a detailed order, (*see* Complt. Attachment H), and Plaintiff promptly appealed the order in a discretionary appeal to the NHSC, as allowed under NHSC Rule 3 and Rule 7(1)(B).  *See* Complt., Attachment I.  Although not attached to the complaint, the court should take judicial notice of the NHSC order declining the appeal, which is attached hereto as Exhibit A.  The only recourse for a litigant in the state courts who is unhappy with the decisions of the state court is to pursue his appeal through the state appellate process, and then through a writ of certiorari to the United States Supreme Court.  *See Miller,* 586 F.3d at 59 ("Only the Supreme Court of the United States may invalidate state court civil judgments.").  In other words, a party is barred from seeking appellate review of a state court decision in the federal district court.  *See Lance*, 546 U.S. at 464; *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *Miller,* 586 F.3d at 59.  Here, Plaintiff seeks to vacate the DFC orders related to child support, penalties and liens that the court has orders he owes.  He further seeks to change the NHSC decision to decline his appeal. Therefore Mr. D'Angelo's claims as must be dismissed.

**B.     42 U.S.C. § 1983 Bars Plaintiff's Attempt To Enjoin State Court Action**.

All that Plaintiff seeks against the NHSC is injunctive relief. However, changes in 42 U.S.C. § 1983 in the Federal Court Improvement Act of 1996, P.L. 104-317, § 309, expressly barred injunctive relief in any action brought against a judicial officer for an act or omission taken in the officer's judicial capacity.  The Senate report regarding this section of the Act notes; "This section restores the doctrine of judicial immunity to the status it occupied prior to the Supreme Court's decision in *Pulliam v. Allen*, 466 U.S. 522 (1984)."  42 U.S.C. § 1983, as amended in 1996 by the Federal Courts Improvement Act, explicitly immunizes judicial

decisions against suits for injunctive relief. The statute now states that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (codified as amended at 42 U.S.C. § 1983 (2000)). *Roth v. King,* 449 F.3d 1272, 1286 (D.C. Cir. 2006).  In a case brought by alleged domestic abusers and fathers' rights group against state court trial judges having jurisdiction over domestic-abuse cases, the First Circuit has held that requests for injunctive relief in equal protection claims were barred by Federal Court Improvement Act of 1996, P.L. 104-317, § 309. *Nollet v. Justices of Trial Court of Com. of Massachusetts,* 248 F.3d 1127 (Table), 2000 WL 1803320 (1st Cir. 2000), affirming 83 F.Supp.2d 204 (D. Mass. 2000).  Similarly, in an unpublished decision by a sister district court in New York, upheld by the Second Circuit, the court held that the Federal Court Improvement Act of 1996, P.L. 104-317, § 309 barred any injunctive relief. *See Conway v. Garvey*, 117 Fed.Appx. 792, 2004 WL 2786380 (2d Cir. 2004).

Here, it is abundantly clear that all of Mr. D'Angelo's claims against NHSC are for injunctive relief for actions taken by judicial officers in their judicial capacity.  To the same extent that judges in their official capacity are protected, so also is the court itself.  Therefore all claims against the New Hampshire Supreme Court, should be dismissed.

    **C.**    **The Eleventh Amendment Bars Plaintiff's Claims Against The New Hampshire Supreme Court.**

The Eleventh Amendment bars claims against the State, its agencies or officials acting in their official capacity.  To the extent that Plaintiff seeks any damages against the NHSC other than injunctive relief that is disposed of by the argument in the prior section, the suit is barred by the Eleventh Amendment which provides, in relevant part:  "The Judicial power of the United

6

States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State…" U.S. Const. Amend. XI. "The Eleventh Amendment forecloses…the application of normal principles of ancillary and pendent jurisdiction where claims are pressed against the State…Neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.  A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Oneida v. Oneida Indian Nation*, 470 U.S. 226, 251 (1985).

Absent State consent or waiver, or "unmistakably clear" Congressional override, none of which is indicated here, sovereign immunity bars awarding private parties damages which is payable from the State treasury.  *See Edelman v. Jordan*, 415 U.S. 651, 668-69 (1974); *Ramirez v. Puerto Rico Fire Service*, 715 F.2d 694, 697 (1st Cir. 1983).  Although the State has waived immunity to tort claims in its own courts, "'a state's waiver of the Eleventh Amendment immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts.'" *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)).  Accordingly, the Plaintiff's claims against the State are barred by the State's sovereign immunity under the Eleventh Amendment of the United States Constitution, and therefore should be dismissed under Fed. R. Civ. P. 12(b)(1). It is also well established that neither states, their agencies, or state officials sued in their official capacities are amenable to suit for damages pursuant to § 1983. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 69 (1997).  Although it is somewhat difficult to discern what the legal basis is for Plaintiff's claims against the NHSC, particularly Count III, the bottom line is that any claim for damages is barred by the Eleventh Amendment. Therefore Plaintiff's claims must be dismissed.

      **D.**      **The New Hampshire Supreme Court Is Entitled To Absolute Immunity.**

Absolute immunity protects judges and their staff from civil liability for judicial acts. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Decker v. Hillsborough County Attorney's Office,* 845 F.2d 17, 21 (1st Cir. 1988). Judicial immunity is firmly and deeply rooted in the traditions of Anglo-American law, reaching back to ancient times. *Francis v. Crafts*, 203 F.2d 809, 811 (1st Cir. 1953). Judges do not lose immunity, even if their actions are erroneous, malicious, in excess of their authority, or disregardful of elementary principles of procedural due process. *Decker,* 845 F.2d at 21. Immunity applies so long as the judge had jurisdiction over the subject matter before him or her. *Id.* In *Brown v. Newberger*, 291 F. 3d 89 (1st Cir. 2002) plaintiffs argued that the court appointed sexual abuse evaluators forfeited whatever absolute judicial immunity they had by violating plaintiffs constitutional rights. The First Circuit rejected that argument stating;

> Another argument made against both defendants is that they sacrificed whatever immunity they may have had by their actions violating plaintiffs' constitutional rights. Here, too, however, *Cok* makes a relevant comment about the nature of judicial immunity and therefore quasi-judicial immunity. We stated there that the entitlement is to "absolute immunity from civil liability for any normal and routine judicial act.... This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive."

*Id.* at 94.

Likewise, judicial immunity has been extended to court employees, and specifically to court clerks, acting in the course of performing duties for the court.

> Judicial immunity extends as well to those who carry out the orders of judges. *See, e. g., Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980) (absolute immunity for clerks acting in a non-routine manner under instructions from the judge); *Slotnick v. Staviskey*, supra, 560 F.2d at 32 (court clerk enjoys absolute immunity); *Fowler v. Alexander*, 478 F.2d 694, 696 (4th Cir. 1973) (sheriff and jailer confining plaintiff in execution of a court order absolutely immune). Here, the court clerk who filled out Slotnick's commitment papers and the state hospital superintendent responsible for him during his commitment were in all their actions carrying out the official directives of a judge.

*Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980).  Likewise, in finding bail commissioners entitled to judicial immunity, this court observed; "Judicial immunity 'extends to other officers of government, whose duties are related to the judicial process.'" *Barr v. Matteo*, 360 U.S. 564, 569 (1958). Thus court clerks, *Slotnick v. Garfinkle*, supra, parole board and probation officers, *Sullivan v. Kelleher*, 405 F.2d 486 (1st Cir. 1968), court appointed medical examiners, *Burkes v. Callion*, 433 F.2d 318 (9th Cir. 1970), court reporters, *Stewart v. Minnick*, 409 F.2d 826 (9th Cir. 1969), guardian ad litems, *Puiia v. Cross*, 2012 U.S. Dist. LEXIS 111199 (D.N.H. 2012), and others performing quasi-judicial functions have been held absolutely immune from suit. *Thompson v. Sanborn*, 568 F. Supp. 385, 391 (D.N.H. 1983).  Similarly, claims for money damages against a marital master for actions taken in his or her role in divorce and custody proceedings have been held entitled to absolute judicial immunity.  *Puiia*, *Id.* ; *see also Holder v. New Hampshire,* 2006 U.S. Dist. LEXIS 78303. *5 (D.N.H. 2006), citing *Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989); *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983); and *Decker v. Hillsborough County Attorney's Office,* 845 F.2d 17, 21 (1st Cir. 1988).

To the extent that D'Angelo's claim against the NHSC is essentially one of failure to supervise (*see* Complt., ¶ 119 and 120) as argued in the subsequent section, there is no federal right to an appeal.  The authority of the NHSC to supervise the other state courts arises under the state constitution, not the federal constitution.  However, judicial immunity is also well established in state law. It is the rule in New Hampshire that "all judicial officers when acting on subjects within their jurisdiction are exempted from civil prosecution for their acts." *Moore v. Cotton,* 94 N.H. 387, 388 (1947); *citing Evans v. Foster*, 1 N.H. 374, 377 (1819), *see also Surprenant v. Mulcrone,* 163 N.H. 529 (2012).  Further, this exemption extends to "[T]he acts

and conduct of all public officers in the exercise of their judicial authority." *Id.* 94 N.H. at 388. Therefore Plaintiff's claims for failure to supervise should be dismissed.

### E. The Claims Must Be Dismissed For Failure To State A Claim.

Motions to dismiss may be brought under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's conclusory allegations that the NHSC is pre-disposed to refuse to hear appeals from on-going disputes in domestic relations cases in which there is only a discretionary appeal, as opposed to the final divorce or separation decree for a mandatory appeal is allowed under NHSC Rule 3, is insufficient, even if true to state a cause of action. There simply is no federal constitutional right to an appeal in a civil matter under the United States Constitution 5th or 14th Amendment. "It is true that a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all. *See, e. g., McKane v. Durston*, 153 U.S. 684, 687-688." *Griffin v. Illinois*, 351 U.S. 12, 18 (1956). "As a preliminary matter, the Due Process Clause of the Fifth Amendment does not establish an absolute right to an appeal. *See United States v. MacCollom,* 426 U.S. 317, 323, 48 L. Ed. 2d 666, 96 S. Ct. 2086 (1976)." *Adsani v. Miller*, 139 F.3d 67, 76-77 (2d Cir. 1998)

While a complaint by a *pro se* litigant is held to a less stringent standard than one drafted by a lawyer, the right to self-representation does not confer immunity from compliance with relevant rules of procedural and substantive law. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir. 1985); *Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994), *see also Taal v. Zwirner*, 2003 DNH 034. Here, it should be noted that although pro se, plaintiff, Mr. D'Angelo, is a lawyer.

There are no facts or legal support for the bald legal conclusion that New Hampshire courts are required to provide a mandatory appeal in every instance. Therefore Plaintiff's claims should be dismissed. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. Therefore the conclusory allegations in this pleading are insufficient to support a plausible inference that any of Mr. D'Angelo's civil rights have been violated.

**IV.     Conclusion**

WHEREFORE, for the reasons stated herein, Defendant respectfully request that the court order as follows:

A. That the Complaint be dismissed in its entirety;

B. For such other and further relief as is just and necessary.

                              Respectfully submitted,

                              NEW HAMPSHIRE SUPREME COURT

                              By their attorney,

                              MICHAEL A. DELANEY
                              ATTORNEY GENERAL

Date:   November 19, 2012        /s/ Nancy J. Smith_____
                              Nancy J. Smith, NH Bar No. 9085
                              Senior Assistant Attorney General
                              New Hampshire Attorney General's Office
                              33 Capitol Street
                              Concord, New Hampshire 03301-6397
                              Telephone:  (603) 271-3650
                              Email:  nancy.smith@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the following persons on this date and in the manner specified herein: Conventionally served by first class mail to Stephen D'Angelo and by the court's ECF filing on all other counsel of record.

Date: November 19, 2012

/s/ Nancy J. Smith_____
Nancy J. Smith
NH Bar # 9085