UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

```
**********************************     *
                                       *
STEPHEN L. D'ANGELO,                   *
                                       *
v.                                     *
                                       *   CASE NO. 12-CV-411-SM
NEW HAMPSHIRE SUPREME COURT,           *
BRIAN GERMAINE, ESQ.,                  *
                                       *
**********************************     *
                                       *
```

### DEFENDANT BRIAN GERMAINE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Brian Germaine, Esq., by and through his attorneys, Preti Flaherty Beliveau & Pachios, PLLP, submits this memorandum of law in support of his Motion to Dismiss, and respectfully moves this Court to dismiss Plaintiff's Complaint because Defendant Germaine has immunity against the claims, and because the Complaint fails to state a claim for relief.

**I.   INTRODUCTION.**

Plaintiff brings claims against Defendant Germaine for alleged violations of Plaintiff's substantive due process rights (Count IV), breach of fiduciary duty (Count V), breach of contract (Count VI), negligence (Count VII), misrepresentation (Count VIII), and reckless infliction of emotional distress (Count IX) all arising out of Attorney Germaine's appointment as Commissioner by the Derry Family Court in In the Matter of Janice D'Angelo and Stephen D'Angelo, case no. 622-2004-DM-00276.[1]  Defendant Germaine moves to dismiss Counts IV

---

[1] Counts I through III only apply to the New Hampshire Supreme Court, and therefore are not addressed in this Motion.

3997557.3

through VIII because Attorney Germaine was a court-appointed Commissioner, and therefore is protected by absolute quasi-judicial immunity; and because the Complaint fails to plead sufficient facts necessary to state a claim upon which relief can be granted.[2]

## II. STANDARD OF REVIEW ON A MOTION TO DISMISS.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must make factual allegations sufficient to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Claims which "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action" may be disregarded. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). All remaining non-conclusory factual allegations and the reasonable inferences drawn from them should then be evaluated to determine whether the claim is plausible. Id.

In resolving a motion to dismiss, a court should first identify and disregard statements in the complaint that merely offer legal conclusions couched as fact, or threadbare recitals of the elements of a cause of action. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d at 12. Although non-conclusory factual allegations must be treated as true, "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual." Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011). The reviewing court then draws on its judicial experience and common

---

[2] As noted in both the Magistrate Judge's Report and Recommendation and the New Hampshire Supreme Court's Motion to Dismiss, this action is additionally barred by the Rooker-Feldman doctrine, which precludes a federal district court from reviewing the final judgment of a state court. See Lance v. Dennis, 546 U.S. 459, 463 (2006). Rather than repeat well-trod ground, Defendant Germaine hereby adopts those arguments by reference.

sense and analyzes the remaining allegations to determine if they "state a plausible, not a merely conceivable, case for relief." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d at 12 (quoting Sepulveda-Villarini v. Dep't of Educ. Of P.R., 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.)).

Although *pro se* pleadings are held to a less stringent standard than those drafted by lawyers and are to be liberally construed in favor of the *pro se* party, see Estelle v. Gamble, 429 U.S. 97, 106 (1979), *pro se* litigants must, nevertheless, comply with procedural rules and substantive law. Cabacoff v. Wells Fargo, No. 12-cv-56-PB, Opinion No. 2012 DNH 188, slip op. at 5-6 (D.N.H. Nov. 5, 2012) (citing Blaisdell v. City of Rochester, Civil No. 07-cv-390-JL, 2010 WL 3168312, *6 (D.N.H. Aug. 10, 2010)). Further, Plaintiff is an attorney, and arguably the benefit afforded *pro se* litigants has no application to him.

### III. ARGUMENT: THE COMPLAINT SHOULD BE DISMISSED, BECAUSE DEFENDANT GERMAINE ENJOYS ABSOLUTE IMMUNITY AS A COURT-APPOINTED COMMISSIONER.

#### A. THE ALLEGATIONS AGAINST DEFENDANT GERMAINE CONCERN HIS ACTIONS AS A COURT-APPOINTED COMMISSIONER.

In his Verified Complaint, Plaintiff acknowledges that Defendant Germaine was appointed by the Derry Family Court as a Commissioner. Verified Complaint at page 2, and ¶¶20, 124, 143. Furthermore, Plaintiff describes Defendant Germaine as a "quasi-public official," and as acting under "color of law." Id. at ¶¶3, 128-30, 132. All of Plaintiff's allegations against Defendant Germaine are based on the work he performed under appointment as Commissioner for the Derry Family Court.

#### B. COMMISSIONERS ARE COURT-APPOINTED OFFICIALS, AND ARE PROTECTED BY ABSOLUTE QUASI-JUDICIAL IMMUNITY AGAINST ANY LIABILITY ARISING FROM THEIR ACTIONS.

New Hampshire courts have the authority to appoint commissioners in divorce proceedings. See In the Matter of O'Neil and O'Neil, Jr., 159 N.H. 615, 624 (2010) (holding

that the family court had the power to appoint a commissioner pursuant to RSA 490-D:3); Walker v. Walker, 119 N.H. 551, 553-54 (1979) (holding that per RSA 458:19, the court had authority to decree alimony and make property divisions, and that this authority included the power to appoint a commissioner).

As a commissioner, Defendant Germaine is cloaked with immunity from suits such as this one. The doctrine of judicial immunity is solidly established at common law, and has been extended to those who perform functions closely associated with the judicial process. Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985).[3] Courts have recognized that denying immunity to an individual appointed by a judge to perform a judicial function would "seriously encroach on the judicial immunity already recognized by the Supreme Court." Kermit Const. v. Banco Credito, 547 F.2d 1, 3 (1st Cir. 1976) (declaring that court-appointed receivers share the appointing judge's absolute judicial immunity). Without judicial immunity, court-appointed officials would "become lighting rods for harassing litigation aimed at judicial orders." Id. The immunity attaches regardless of allegations of malice, bad faith, or conspiracy, and applies "no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." Brown v. Newberger, 291 F.3d 89, 94 (1st Cir. 2002); Cok v. Costentino, 876 F.2d 1, 3 (1st Cir. 1989).

Whether an individual is entitled to absolute quasi-judicial immunity is a functional analysis which examines the nature of the duties performed, and whether the individual is closely

---

[3] Plaintiff's Complaint contains both federal and common law claims against Defendant Germaine. However, the differences between federal law on quasi-judicial immunity and state law are "minute." Nystedt, Jr. v. Nigro, No. 12-1245, slip op. at 9 (1st Cir. Nov. 20, 2012) (relying "interchangeably on federal and state precedents with respect to the scope of quasi-judicial immunity."); compare Nystedt, Jr. v. Nigro ("The doctrine of quasi-judicial immunity provides absolute immunity for those who perform tasks that are inextricably intertwined with the judicial function."), with Suprenant v. Mulcrone, 163 N.H. 529, 531 (2012) (stating that the doctrine of judicial immunity "protects judicial officers and those exercising judicial functions from liability.").

associated with the judicial process. Nystedt, Jr. v. Nigro, No. 12-1245, slip op. at 9 (1st Cir. Nov. 20, 2012), Cok v. Costentino, 876 F.2d at 3. An individual that operates at the request of the court, functions as an agent of the court, and performs activities integrally related to the judicial process has absolute quasi-judicial immunity. See Nystedt, Jr. v. Nigro, No. 12-1245, slip op. at 9; Brown v. Newberger, 291 F.3d at 94-95 (holding that the defendants, appointed by the court to perform sexual abuse evaluations, engaged in "information gathering, reporting, and recommending tasks," and were entitled to absolute quasi-judicial immunity); Cok v. Costentino, 876 F.2d at 3 (holding that a Guardian Ad Litem and a conservator of assets functioned as agents of the court and have absolute quasi-judicial immunity for those activities); Kermit v. Banco, 547 F.2d at 3 ("[A] receiver who faithfully and carefully carries out the orders of his appointing judge must share the judge's absolute immunity."); see also Ashbrook v. Hoffman, 617 F.2d 474, 476-77 (7th Cir. 1980) (granting absolute quasi-judicial immunity to commissioners appointed to oversee the division of joint asset because of their "integral relationship with the judicial process."); Yates v. Cunningham, 70 F. Supp. 2d 47, 51 (D.N.H. 1999) (citing cases extending absolute quasi-judicial immunity to probation department employees, court-appointed psychologists, family service workers, and "officials performing discretionary tasks that assist judges in the decision-making process." quoting Namey v. Reilly, 926 F. Supp. 5, 8 (D. Mass. 1996)).

In the instant case, Defendant Germaine was appointed by the Derry Family Court to aid the court in determining Plaintiff's gross income for child-support purposes and Plaintiff's actual taxable income for tax years 2006 through 2011. Court Order on Final Hearing, No. 622-2004-

DM-00276, Sept. 19, 2011, attached as Exhibit A.[4]  Plaintiff's allegations uniquely concern the work that Defendant Germaine was appointed to do.  Defendant Germaine was operating at the appointment of the court, as an agent of the court, and was performing an activity integrally related to the judicial process.  Therefore, he is entitled to absolute quasi-judicial immunity.

**IV.   ARGUMENT: PLAINTIFF'S CLAIMS ARE MERE CONCLUSORY ALLEGATIONS AND FAIL TO STATE A CLAIM FOR RELIEF.**

Plaintiff's allegations fail to state a claim for relief because they are merely a collection of conclusory statements and threadbare recitals of the elements of a cause of action.  See Ashcroft v. Iqbal, 556 U.S. at 678; Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d at 12.  The Complaint does not provide fair notice to the defendant and does not state a facially plausible legal claim, see Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d at 12, because the Complaint lacks sufficient factual material "to raise a right to relief above the speculative level." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Instead, at best, the Complaint pleads facts that are "merely consistent with a defendant's liability" and "stops short of the line between possibility and plausibility of entitlement to relief." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

The Plaintiff's Complaint fails to state a plausible claim for relief because it does not describe in any detail or specificity the alleged actions of Defendant Germaine which harmed Plaintiff.  For example, the Complaint alleges that Defendant Germaine made misrepresentations to the court; however, at no point does the Complaint describe the nature of those misrepresentations, or explain how they harmed Plaintiff.  Instead, Plaintiff merely asserts that

---

[4] In ruling on a motion to dismiss, a district court is generally limited to considering facts and documents which are part of, or incorporated into, the complaint.  However, a district court may also consider matters of public record, such as documents from prior state court adjudications.  Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008), cert. denied 556 U.S. 1184 (2009); Boateng v. InterAmerican University, Inc., 210 F.3d 56, 60 (1st Cir. 2000), cert. denied 531 U.S. 904 (2000).

3997557.3

Defendant Germaine made unspecified misrepresentations to the court and then leaps to the conclusion that, therefore, Plaintiff was harmed.

In particular, the Complaint fails to plead a claim for relief in the following ways:

- The Complaint asserts without argument or explanation that Defendant Germaine held a position of authority over Plaintiff. ¶126.
- The Complaint asserts without any explanation or description that Defendant Germaine failed to perform a reasonable investigation of Plaintiff's personal income. ¶¶ 125, 136, 146, 151.
- The Complaint asserts without any explanation or description that Defendant Germaine misled or misrepresented material facts to the Derry Family Court. ¶¶ 128, 139, 160, 166, 168.
- The Complaint alleges without any argument or explanation that Defendant Germaine owed Plaintiff a fiduciary duty. ¶135.
- The Complaint alleges without argument or explanation that Defendant Germaine entered into a contract with Plaintiff. ¶147.

Such conclusory allegations are insufficient to allow a court to draw a reasonable inference that the Defendant is liable for the misconduct alleged; therefore the counts against Defendant Germaine should be dismissed. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d at 12. Plaintiff's haphazard recitation of the elements of various offenses combined with the assertion that Defendant Germaine is responsible for unspecified harms to Plaintiff does not state a plausible claim for relief. The Complaint does not contain enough factual material "to raise a right to relief above the speculative level," id., and does not plead enough factual content to allow a court to reasonably infer that the defendant is liable for the misconduct alleged. See Ashcroft v. Iqbal, 556 U.S. at 678. The Complaint is nothing more than legal conclusions couched as fact, and therefore should be dismissed.

## V. CONCLUSION

The Complaint should be dismissed because Attorney Germaine was a court-appointed Commissioner and therefore is protected by absolute quasi-judicial immunity. Furthermore, the

Complaint fails to plead sufficient facts to state a claim upon which relief can be granted, and therefore, should be dismissed.

        Respectfully submitted,

        ATTORNEYS FOR DEFENDANT
        BRIAN GERMAINE, ESQ.,

        By His Attorneys,

        PRETI FLAHERTY BELIVEAU & PACHIOS PLLP

        /s/ William C. Saturley
        William C. Saturley, Esq. (NH Bar # 2256)
        57 North Main Street
        P.O. Box 1318
        Concord, New Hampshire 03302-1318
        Telephone: 603.410.1500
        wsaturley@preti.com

        By: /s/ William H. Whitney
        William H. Whitney, Esq. (NH Bar # 20607)
        Preti Flaherty Beliveau & Pachios, PLLP
        57 North Main Street
        P.O. Box 1318
        Concord, NH 03302-1318
        (603) 410-1500
        wwhitney@preti.com

**Certificate of Service**

      I hereby certify that on 26th day of November, I served the foregoing *Defendant Brian Germaine's Memorandum of Law in Support of Motion to Dismiss* to all parties of record via the Court's ECF system and mailed a copy to Stephen L. D'Angelo at 401 Andover Street, Suite 202, North Andover, MA 01845.

        /s/ William H. Whitney