UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)
Stephen L. D'Angelo,                    )
Plaintiff                               )
                                        )
v.                                      )    C.A. No.: 12CD411
                                        )
New Hampshire Supreme Court,            )
Brian Germaine, Esq.,                   )
Defendants                              )
                                        )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION

Plaintiff objects to the Magistrate's Report and Recommendation. Plaintiff brought this action to address several issues as outlined in extreme detail in the Plaintiff's Verified Complaint. First and foremost this action was brought against the New Hampshire Supreme Court and its peculiar Rule 3 that creates a separate and distinct manner between appeals pursued in family court and appeals in all other civil and criminal cases.

As stated in the complaint the distinction in New Hampshire Supreme Court Rule 3 (herein after referred to as "Rule 3") unfairly classifies those seeking an appeal in family court by categorizing them into Mandatory versus Discretionary Appeals. Rule 3 only is applied to family court cases. As applied, Rule 3 affects only persons seeking redress from a family court decision that may be unlawful, against public policy, abuses discretion, or in error of the law from review by the New Hampshire Supreme Court. Counts I and II if the complaint brought against the defendant, the New Hampshire Supreme Court, because its Rule 3 violates the fundamental right to fairness in its

1

procedures addressing individual claims against government deprivation of life, liberty, or property. There is an implied recognition of the fundamental nature of the due process right to a hearing on the merits and a review of the decision to make sure it is lawful.

The Magistrate may be correct in the assumption stated in her dicta that the "Plaintiff is a disgruntled litigant." However in general, litigants are disgruntled, otherwise they would not be seeking court intervention. The Magistrate assumes incorrectly that the plaintiff is seeking the federal court's intervention to overturn the Derry Family Court decision.

**New Hampshire Supreme Court Rule 3**

The Plaintiff seeks intervention by the federal court to determine whether Rule 3 is constitutionally valid. Whether Rule 3 violates the Equal Protection Clause of the Fourteenth Amendment by creating a class of persons who are not allowed the same access to the New Hampshire Supreme Court by an aggrieved party in family courts in New Hampshire as persons seeking a review of a decision by the New Hampshire Supreme Court in other civil and criminal courts. Should the rule be invalidated, then and only then, would the lower court's decision be reviewed by the New Hampshire Supreme Court and possibly overturned or invalidate the lower court's decision.

As it stands persons who submit an appeal from a family court decision will get the door slammed in their face because they are a class of persons that Rule 3 discriminates against. Under Rule 3 most appeals involving a family court matter are discretionary. Rule 3 requires that a form be filled out and submitted to the court that summarizes the issues to be appealed. It also is necessary to get the endorsement of the family court judge

The Plaintiff objects to the Magistrates recommendation that the court not issue Temporary Restraining Order and Preliminary Injunction. It is appropriate for the court to issue orders the Temporary Restraining Order and Preliminary Injunction while the court determines the Constitutionality of Rule 3 to prevent harm.

The New Hampshire Supreme Court "kicks the can" on judicial oversight and accountability. In fact it sanctions a family court judge's order that can include the caveat that "if an appeal is pursued the appellant will be sanctioned at a cost of $5,000.00 a month while the appeal is pending." That sends a chilling message that undermines the judicial process.

Rule 3 violates Due Process, violates the United States Constitution Fifth and Fourteenth Amendments, and Equal Protection in that it distinguishes who can appeal a matter and how that appeal is treated differently within the structure of the Civil Docket, Criminal Docket and Family Law Docket. Accordingly, Rule 3 violates due process, equal protection, and the constitutional rights to equal access to the courts. U.S. CNST., amds. 5 & 14; N.H. CONST., pt. I, art.8

As stated in Plaintiff's Memorandum in Support of Temporary Restraining Order and Preliminary Injunction on page 6:

The Equal Protection Clause of the Fourteenth Amendment forbids States from otherwise discriminating against individuals or a class of individuals. The procedures used in deciding appeals must comport with due process and equal protection. In Rule 3 "under paragraph (9), only appeals from final divorce decrees or legal separation are mandatory appeals. Any other appeal from a final decision on the merits issued in or arising out of, a domestic relations matter filed…is not a mandatory appeal." SUP.CT.R. 3, *Comment*
 ("Government….should be open, accessible, accountable and responsive")N.H. CONST., pt. I art.14 ("every subject…entitled to… recourse to the laws"); N.H. CONST., pt.I, arts. 12 & 15 (due process and equal protection).

**Rooker-Feldman Doctrine not applicable**

Rooker-Feldman doctrine does not bar federal subject matter jurisdiction until the last nail is in the coffin of the last state court proceeding. In <u>Federación De Maestros De Puerto Rico v. Junta De Relaciones Del Trabajo De Puerto Rico</u>, 410 F.3d 17 (2005), the First Circuit addressed whether the Rooker-Feldman doctrine applies to situations where the state court proceedings has not ended. In fact the Derry District Family Court matter was ongoing in that a hearing was scheduled and took place on October 30, 2012, a week after this matter was filed in federal court. The problem with family court cases and why the Rooker-Feldman doctrine may never apply in the family court is because often these matters never reach a conclusion. The First Circuit noted that, under <u>Exxon Mobil v. Saudi Basic Industries</u> 544 U.S. 280 (2005), a state court is "sufficiently final" when "state proceedings [have] ended." 410 F.3d at 24 (citing <u>Exxon Mobil</u>, 544 U.S. at 291). The First Circuit found in <u>Federación</u> that state proceedings have ended in three situations:

(1) "when the highest state court in which review is available has affirmed the judgment below and nothing is left unresolved," <u>Federación</u> at 32. Here the New Hampshire Supreme Court simply declined to hear the matter pursuant to its Rule 3. The court did not affirm anything, it simply ignored the matter.

(2) "if the state action has reached a point where neither party seeks further action," <u>Federación</u> at 33. Here the parties are still litigating issues. Another hearing took place on October 30, 2012 several days after the instant matter was filed

(3) 'if the state court proceedings have finally resolved all federal questions in litigation, <u>Federación</u> at 34. There is no federal question raised in the state court.

4

Therefore the Rooker-Feldman doctrine will not bar subject matter jurisdiction where a plaintiff initiates the federal lawsuit before state court proceedings have ended.

**42 U.S.C. §1983 against the defendant Brian Germaine**

Certainly the part of the Verified Complaint that is brought pursuant to 42 U.S.C. §1983 against the defendant Brian Germaine is not subject to the Rooker-Feldman doctrine. The complaint lays out a prima facia case that require a different analysis. The complaint is sufficiently pled to exceed the standards of Ashcroft v. Iqbal, 556 U.S. 662 (2009). Defendant Brian Germaine is subject to jurisdiction by this court by virtue of 42 U.S.C. §1983. The complaint lays out several causes of action which at the very least show that Germaine was negligent in that he failed to exercise that degree of reasonable care which a reasonable person would exercise under the circumstance. In essence, under the color of law, as the appointed Commissioner by the court Germaine had a fiduciary duty to all parties in the case and to the court. As Commissioner, Germaine, had a duty to produce a fair and accurate report but failed to meet even the lowest standard of care in the performance of that duty.

The Magistrate misinterprets that a default judgment was entered during the pendency of this matter which began in April 2010 with the filing of a complaint for removal of the child to North Conway, New Hampshire from Derry, New Hampshire. Previous to this the parties were divorced in 2005 and the same issue of income was raised in 2006. While it is true defendant Germaine represented to the court that the Plaintiff was uncooperative in preparing the Commissioner's Report that misrepresentation is countered by the Affidavit of Attorney Daniel DeBruyckere, correspondence to Germaine from the plaintiff, the fact Germaine delayed working on the

report for six months as well as other documentation included in the verified complaint. The complaint lays out the incompetent, unethical and erroneous manner that defendant Germaine performed his duties as the court appointed Commissioner.

**Summary of Objections**

To summarizes the Plaintiff's objections to the Magistrate's Report and Recommendations. The Plaintiff seeks federal court intervention relative to whether or not New Hampshire Supreme Court Rule 3 is constitutionally valid.

Whether Rule 3 violates constitutional rights of equal protection and due process under the Fourteenth Amendment and Fifth Amendment of the United States Constitution. The orders issued by the Derry Family Court may be unconstitutional but that is not what the plaintiff is addressing in the complaint. The plaintiff is aware of the issues of judicial immunity as well as the impossible reach it is to bringing an action against a judge. For that reason there is no mention of 42 U.S.C. 1983 claims in the counts of the complaint against the New Hampshire Supreme Court as there is no individual specified which would be a requirement of the federal statute.

That the Magistrate misapplies the Rooker-Feldman doctrine to the counts in the complaint against Defendant Brian Germaine and that the 42 U.S.C. §1983 against the defendant Brian Germaine at the very least survive.

It is appropriate for the court to issue orders the Temporary Restraining Order and Preliminary Injunction while the court determines the Constitutionality of Rule 3 to prevent harm.

Wherefore, for the reasons stated, the Plaintiff objects to the entire anal sis submitted in the Magistrate's Report and Recommendations.

6

Dated this 23 day of November, 2012

                                      Respectfully submitted,
                                      Stephen D'Angelo


                                      <u>/s/ Stephen D'Angelo</u>
                                      Stephen D'Angelo
                                      401 Andover Street, Suite 202
                                      North Andover, Massachusetts 01845
                                      978-687-8100
                                      sld@lawyeradvocates.com

Dated this 23 day of November, 2012

                                        Respectfully submitted,
                                        Stephen D'Angelo

                                        /s/ Stephen D'Angelo
                                        Stephen D'Angelo
                                        401 Andover Street, Suite 202
                                        North Andover, Massachusetts 01845
                                        978-687-8100
                                        sld@lawyeradvocates.com



**D'Angelo & Hashem, LLC**
ATTORNEYS & COUNSELORS AT LAW

401 Andover Street
Suite 202
North Andover, MA 01845

Tel: 978-687-8100
Fax: 978-687-8111

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2012 NOV 26  P 1:12

Via First Class Mail

November 23, 2012

Office of the Clerk
Hon. Landya McCafferty
United States Magistrate Judge
United States District Court
55 Pleasant Street, Room 110
Concord, MA  03301

Re:  Stephen D'Angelo, Pl., v. New Hampshire Supreme Court, Brian Germaine, Esq., Def.
C. A. No: 12CD411-SM

Dear Judge McCafferty:

Enclosed, please find <u>Plaintff's Objection to Magistrate's Report and Recommendation</u>.  Please file in the usual manner.

Thank you for your interest

Sincerely yours,

Stephen D'Angelo

Enc as stated

Cc:  Nancy J Smith
     Counsel for New Hampshire Supreme Court

     Counsel for Brian Germaine