UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2012 DEC -7 P 1: 20

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)
Stephen L. D'Angelo, )
Plaintiff )
)
v. ) C.A. No.: 12CD411 -SM
)
New Hampshire Supreme Court, )
Brian Germaine, Esq., )
Defendants )
)
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPPOT OF PLAINTIFF'S OBJECTION TO DEFENDANT, NEW HAMPSHIRE SUPREME COURT, FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS

Plaintiff objects to Defendant, New Hampshire Supreme Court, Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. Plaintiff brought this action to address several issues as outlined in extreme detail in the Plaintiff's Verified Complaint. The Plaintiff's action against the New Hampshire Supreme Court asks this court to address whether or not New Hampshire Supreme Court Rule 3 which creates a separate and distinct manner between appeals pursued in family court and appeals in all other civil and criminal cases is Constitutional.

As stated in the complaint the distinction in New Hampshire Supreme Court Rule 3 (herein after referred to as "Rule 3") unfairly classifies those seeking an appeal in family court by categorizing them into Mandatory versus Discretionary Appeals. Rule 3 only is applied to family court cases. As applied, Rule 3 affects only persons seeking redress from a family court decision that may be unlawful, against public policy, abuses discretion, or in error of the law from review by the New Hampshire Supreme Court.

1

Counts I and II of the complaint was brought against the defendant, the New Hampshire Supreme Court, because its Rule 3 violates the fundamental right to fairness in its procedures addressing individual claims against government deprivation of life, liberty, or property. There is an implied recognition of the fundamental nature of the due process right to a hearing on the merits and a review of the decision to make sure it is lawful.

Rule 3 prevents a litigant that is grieved by a decision in the family courts in New Hampshire from seeking any review by a court. The Process of Rule 3 short circuits an appeal including an appeal to the U.S. Supreme Court because the New Hampshire Supreme Court doesn't Affirm the lower court decision or Deny the appeal but rather within its discretion "declines" to be bothered because it is a family court matter.

The Plaintiff seeks intervention by the federal court to determine whether Rule 3 is constitutionally valid. Whether Rule 3 violates the Equal Protection Clause of the Fourteenth Amendment by creating a class of persons who are not allowed the same access to the New Hampshire Supreme Court by an aggrieved party in family courts in New Hampshire as persons seeking a review of a decision by the New Hampshire Supreme Court in other civil and criminal courts. Should the rule be invalidated, then and only then, would the lower court's decision be reviewed by the New Hampshire Supreme Court with several possible outcomes including overturning or invalidating the lower court's decision. Should the New Hampshire Supreme Court affirm that lower court decision then the plaintiff would be able to appeal to a higher court, the U.S. Supreme Court.

As it stands, persons who want to appeal a family court decision must submit their summary of their appeal pursuant to Rule 3. Under Rule 3 most appeals involving a

family court matter are discretionary. Rule 3 requires that a form be filled out and submitted to the court that summarizes the issues to be appealed. It also is necessary to get the endorsement of the family court judge on the form which prejudices the judge on future matters with the plaintiff. Rule 3 is blatantly discriminatory as it specifically addresses a certain class of persons, only those persons seeking an appeal from a family court matter.

The New Hampshire Supreme Court "kicks the can" on judicial oversight and accountability. In fact it turns a blind eye to a family court judge's order that can include the caveat that "if an appeal is pursued the appellant will be sanctioned at a cost of $5,000.00 a month while the appeal is pending." That sends a chilling message that undermines the judicial process.

Rule 3 violates Due Process, violates the United States Constitution Fifth and Fourteenth Amendments, and Equal Protection in that it distinguishes who can appeal a matter and how that appeal is treated differently within the structure of the Civil Docket, Criminal Docket and Family Law Docket. Accordingly, Rule 3 violates due process, equal protection, and the constitutional rights to equal access to the courts. U.S. CNST., amds. 5 & 14; N.H. CONST., pt. I, art.8

As stated in Plaintiff's Memorandum in Support of Temporary Restraining Order and Preliminary Injunction on page 6:

The Equal Protection Clause of the Fourteenth Amendment forbids States from otherwise discriminating against individuals or a class of individuals. The procedures used in deciding appeals must comport with due process and equal protection. In Rule 3 "under paragraph (9), only appeals from final divorce decrees or legal separation are mandatory appeals. Any other appeal from a final decision on the merits issued in or arising out of, a domestic relations matter filed…is not a mandatory appeal." SUP.CT.R. 3, *Comment*

("Government....should be open, accessible, accountable and responsive")N.H. CONST., pt. I art.14 ("every subject...entitled to... recourse to the laws"); N.H. CONST., pt.I, arts. 12 & 15 (due process and equal protection).

Rooker-Feldman doctrine does not bar federal subject matter jurisdiction until the last nail is in the coffin of the last state court proceeding. In <u>Federación De Maestros De Puerto Rico v. Junta De Relaciones Del Trabajo De Puerto Rico</u>, 410 F.3d 17 (2005), the First Circuit addressed whether the Rooker-Feldman doctrine applies to situations where the state court proceedings has not ended. In fact the Derry District Family Court matter was ongoing in that a hearing was scheduled and took place on October 30, 2012, a week after this matter was filed in federal court. The problem with family court cases and why the Rooker-Feldman doctrine may never apply in the family court is because often these matters never reach a conclusion. The First Circuit noted that, under <u>Exxon Mobil v. Saudi Basic Industries</u> 544 U.S. 280 (2005), a state court is "sufficiently final" when "state proceedings [have] ended." 410 F.3d at 24 (citing <u>Exxon Mobil</u>, 544 U.S. at 291). The First Circuit found in <u>Federación</u> that state proceedings have ended in three situations:

(1) "when the highest state court in which review is available has affirmed the judgment below and nothing is left unresolved," <u>Federación</u> at 32. Here the New Hampshire Supreme Court simply declined to hear the matter pursuant to its Rule 3. The court did not affirm anything, it simply ignored the matter.

(2) "if the state action has reached a point where neither party seeks further action," <u>Federación</u> at 33. Here the parties are still litigating issues. Another hearing took place on October 30, 2012 several days after the instant matter was filed

4

(3) 'if the state court proceedings have finally resolved all federal questions in litigation, Federación at 34. There is no federal question raised in the state court. Therefore the Rooker-Feldman doctrine will not bar subject matter jurisdiction where a plaintiff initiates the federal lawsuit before state court proceedings have ended.

The complaint is sufficiently pled to exceed the standards of Ashcroft v. Iqbal, 556 U.S. 662 (2009). The complaint contains very specific allegations and includes documentation within the Verified Complaint and affidavits from attorneys in the Motion for Temporary Restraining Order and Preliminary Injunction. (See Affidavits of Attorney Daniel DeBruyckere and Attorney Michael Mimno).

The court maybe entitled to absolute immunity but its Rule 3 is not immune to review by this court. Should the court determine that Rule 3 violates the Due Process rights guaranteed under the Fourteenth Amendment and Fifth Amendment of the United States Constitution then the New Hampshire Supreme Court would receive a fully briefed appeal and then either affirm the family court decision or find in part or whole for this Plaintiff.

**Conclusion**

The Plaintiff seeks federal court intervention relative to whether or not New Hampshire Supreme Court Rule 3 is constitutionally valid.

Whether Rule 3 violates constitutional rights of equal protection and due process under the Fourteenth Amendment and Fifth Amendment of the United States Constitution. The orders issued by the Derry Family Court may be unconstitutional but that is not what the plaintiff is addressing in the complaint. The plaintiff is aware of the issues of judicial immunity as well as the impossible reach it is to bringing an action

against a judge. For that reason there is no mention of 42 U.S.C. 1983 claims in the counts of the complaint against the New Hampshire Supreme Court as there is no individual specified which would be a requirement of the federal statute. Rooker-Feldman doctrine is misapplied.

Wherefore, the Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)should be denied.

Dated this 4th day of December, 2012

>Respectfully submitted,
>Stephen D'Angelo
>
>*/s/ Stephen D'Angelo*
>Stephen D'Angelo
>401 Andover Street, Suite 202
>North Andover, Massachusetts 01845
>978-687-8100
>sld@lawyeradvocates.com



**D'Angelo & Hashem, LLC**
ATTORNEYS & COUNSELORS AT LAW

401 Andover Street
Suite 202
North Andover, MA 01845

Tel: 978-687-8100
Fax: 978-687-8111

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2012 DEC -7 P 1: 20

Via First Class Mail

December 4, 2012

Office of the Clerk
Hon. Landya McCafferty
United States Magistrate Judge
United States District Court
55 Pleasant Street, Room 110
Concord, NH 03301

Re: Stephen D'Angelo, Pl., v. New Hampshire Supreme Court, Brian Germaine, Esq., Def.
C. A. No: 12CD411-SM

Dear Madam Clerk:

Enclosed, please find enclosed:

Memorandum In Supppot Of Plaintiff's Objection To Defendant, New Hampshire Supreme Court, Fed. R. Civ. P. 12(B)(6) Motion To Dismiss

Please file in the usual manner.

Sincerely yours,

Stephen D'Angelo

Enc as stated

Cc: Nancy J Smith
Counsel for New Hampshire Supreme Court

William Saturley
Counsel for Brian Germaine