U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

2012 DEC 12   P 12: 40

************************************)
Stephen L. D'Angelo,                 )
Plaintiff                            )
                                     )
v.                                   )          **C.A. No.: 12CD411**
                                     )
New Hampshire Supreme Court,         )
Brian Germaine, Esq.,                )
Defendants                           )
                                     )
************************************

## MEMORANDUM IN SUPPPOT OF PLAINTIFF'S OBJECTION TO DEFENDANT, BRIAN GERMAINE, FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS

Plaintiff objects to Defendant, Brian Germaine, Fed. R. Civ. P. 12(b)(6) Motion to

Dismiss. Plaintiff brought this action to address several issues as outlined in extreme

detail in the Plaintiff's Verified Complaint. The Plaintiff's action against Brian Germaine

are clear, in detail and meet the standard that a complaint must be sufficiently pled as

outlined in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The complaint contains very specific

allegations and documentation within the Verified Complaint as well as affidavits from

attorneys in the Motion for Temporary Restraining Order and Preliminary Injunction.

(See Affidavits of Attorney Michael Mimno(Exhibit K) and Attorney Daniel

DeBruyckere(Exhibit L)).

The Complaint is clear in its factual allegations. The Plaintiff is not required to

plead all the evidence in the matter. Included in the complaint are allegations that are

clear and specific so that the defendant knows what as to the charges he has to defend. In

addition to the 42 U.S.C. § 1983 there are counts in the complaint that address the

defendant's negligence in preparing the report; misrepresentation to the court relative to

the attempt to communicate with the plaintiff and to obtain factual information for the report; the breach of fiduciary duty of the defendant in assigning the matter to another attorney who had an ethical conflict with the plaintiff; the defendant breached a contract that the plaintiff was a third party beneficiary to in that the report prepared was manifestly inaccurate; which leads to the claim for emotional distress.

The Rooker-Feldman doctrine does not bar federal subject matter jurisdiction until the last nail is in the coffin of the last state court proceeding. In Federación De Maestros De Puerto Rico v. Junta De Relaciones Del Trabajo De Puerto Rico, 410 F.3d 17 (2005), the First Circuit addressed whether the Rooker-Feldman doctrine applies to situations where the state court proceedings has not ended.  In fact the Derry District Family Court matter was ongoing in that a hearing was scheduled and took place on October 30, 2012, a week after this matter was filed in federal court.

During that hearing when Defendant Germaine learned that he was a party to this lawsuit at the Derry court hearing on October 30, 2012 the defendant told the judge that he should "order the sale of the plaintiff's home and have him evicted from the property." That request was adopted by the court in its most recent order issued in October 31, 2012. The fact that the defendant would retaliate against the plaintiff by urging the court to adopt this draconian measure is another example of the plaintiff's lack of ethical consideration. Instead of withdrawing from participating in further proceedings upon learning he is a party to a lawsuit with the Plaintiff, the Defendant Germaine urges the court to take retaliatory action against the Plaintiff.

The defendant's claim for the heightened standard of "quasi-judicial immunity" is misplaced. In this jurisdiction, where appellate review of judicial abuse is unlikely,

because Rule 3 of the New Hampshire Supreme Court makes appeals discretionary for the court to review most family court decision, it is highly unlikely that any review will be available. The role of a Commissioner in this matter was as a court-appointed neutral evaluator who does not perform any judicial function. The Commissioner does not act as a decision maker to determine the outcome. The Commissioner is supposed to gather the facts and present them in an unbiased and competent format.

In this case the Commissioner was acting as an auditor to review financial records. The Commissioner was supposed to meet with the parties to ascertain the facts and present that information to the court. The plaintiff's action is based on the negligent preparation of the report for the court, a breach of his fiduciary duty, and misrepresentation to the court by the defendant Germaine the circumstances of the plaintiff's cooperation in the preparation of the report. Under the color of law he misrepresented and negligently presented biased evidence to the court violating the Plaintiff's Due Process rights in violation of the United States Constitution Fifth and Fourteenth Amendments.

One can distinguish the roles of both a guardian ad litem and a receiver who are acting under the direction of the court. In the jurisdiction of New Hampshire one must complete a series of CLE requirements to get certification to become a GAL. Apparently the only requirement to be a Commissioner is to know the judge. Here the only direction from the court, besides the appointment of the defendant as a Commissioner, was to the plaintiff: "pay the commissioner $10, 000.00 and cooperate with him."

After payment was made in October of 2011, despite the plaintiff and his counsels' effort to contact the Commissioner, the Commissioner remained dormant on

3

this matter until late March 2012. The plaintiff wasn't aware that any work was undertaken on the matter by the Commissioner until mid March. The only information that the Commissioner used was the biased information supplied by plaintiff's ex-spouse's attorney.

None of the cases cited in the defendant's brief address the incompetent performance of a court appointed attorney acting as a Commissioner. ( referring to Nystedt v. Nigro, No. 12-1245 First District Court of Appeals (November 20, 2012) and Suprenant v. Mulcrone, 163 N.H. 529 (2012)).  However, Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U. S. C. §1983. Anyone whose conduct is "fairly attributable to the state" can be sued as a state actor under §1983. See Lugar v. Edmondson Oil Co., 457 U. S. 922, 937 (1982). Quoting from Filarsky v. Delia 132 U.S. 2764 (2012). The defendant Germaine violated the Plaintiff's Due Process rights in violation of the United States Constitution Fifth and Fourteenth Amendments when the Commissioner failed to allow the participation by the Plaintiff in the preparation of the report. Further, Defendant Germaine's claim that the Plaintiff failed to cooperate with him created an incendiary atmosphere with the court on the day of the hearing leading to an adverse result.

The appointment of a Commissioner is supposed to provide the parties with equal access to the Commissioner evaluation process. The Commissioner's role is to provide honest, fair and impartial information to the court after meeting with both parties to understand the position of each and then make a recommendation. That did not happen here. The Commissioner, defendant Germaine, had an inexcusable delay in starting the

process of gathering information. Defendant Germaine did not make any attempt to meet with the plaintiff even after repeated attempts by plaintiff and his counsel.

The Derry Family Court had held a hearing previous to the appointment of the Commissioner in which several issues were raised relative to methodology used by the plaintiff's ex-spouse's financial expert. The Commissioner in fact, without explanation, adopted many of the biased findings of the financial expert without any input from the Plaintiff. The Defendant, Attorney Brian Germaine, appointed by the court as a Commissioner, violated the Model Rules of Professional Conduct by delegating the work assigned to him to an attorney that had a conflict of interest with the plaintiff and failed, neglected and or refused to disclose the conflict to the court and the parties to the case.

The Defendant, Attorney Brian Germaine, as Commissioner incompetently performed the assignment, failed to investigate, made false assumptions, relied on manufactured and misleading documentation provided by opposing counsel, and failed to interview the plaintiff as the court had ordered. The report was completed late and without input from the plaintiff. As a result of the incompetence of the Defendant, Attorney Brian Germaine, the report submitted to the court and the parties contained substantial errors as audited by the Plaintiff's Certified Public Accountant invalidating the reliability of the report. In a detailed letter to the Defendant, Attorney Brian Germaine, plaintiff's CPA addressed the errors which the defendant ignored. The defendant insinuated to the court at the October 30, 2012 hearing that it was entirely the plaintiff's fault which led to the court's refusal to address any issues.

The court at hearing refused to allow any testimony or the CPA findings into evidence. The court refused to allow any discussion on the matter. That the Defendant,

Attorney Brian Germaine, misrepresented to the court the following: the effort made to meet with Plaintiff and his counsel to document income; the effort made to contact counsel to participate in the evaluation, presentation and explanation of personal and business expenses and income.

The Verified Complaint and Memorandum accompany the Motion for a Temporary Restraining Order aver in detail the following:

1. A retainer of $10,000 was paid to the Commissioner.
2. Upon receipt of that order Plaintiff called Attorney Germaine.
3. Attorney Germaine refused, neglected and otherwise failed to answer or return calls.
4. In a letter dated September 30, 2011, as a follow-up to a call that was unanswered placed to the Commissioner, it was made clear that the Plaintiff would fully cooperate. See **Exhibit F** (Verified Complaint).
5. In a letter dated September 30, 2011 Attorney Germaine was invited to come to plaintiff's law office in North Andover, Massachusetts.
6. In a letter dated September 30, 2011 Attorney Germaine could have access to the firm's Quick Books accounting system while onsite;
7. In a letter dated September 30, 2011 Attorney Germaine could meet with the firm's outside accountants to answer any questions.
8. Attorney Germaine's only response and only communication for the next six months was in the form of a legal document requesting payment in late October 2011.
9. Payment to the Commissioner Attorney Germaine was made in October, 2011.
10. Plaintiff retained outside Counsel, Attorney Debruykere, to assist in communicating with the Commissioner Attorney Germaine after the Commissioner failed, refused or neglected to respond to letters and phone calls. See **Exhibit G** (Verified Complaint).
11. Commissioner Attorney Germaine failed, neglected, and overlooked this matter from September 2011 through March 2012 when Attorney Germaine began to work on the matter after he was made aware that the next hearing date would be May 11, 2012.

12. Commissioner's report contained numerous inaccurate conclusions and appears to have adopted many of the same inaccurate assumptions that CPA Geher made in his September 2011 report.

13. The Commissioner never called or corresponded to set up a meeting with Plaintiff's counsel.

14. The Commissioner never called or corresponded to set up a meeting with Plaintiff's CPA firm Saba, Coleman & Hunt accountants.

15. The Commissioner never called or corresponded to set up a meeting to visit the law firm to clarify any questions he developed.

16. The Commissioner never called or corresponded to set up a meeting to review his request for documents.

17. The Commissioner never called or corresponded to set up a meeting to explain the methodology he would use in creating a report.

18. The only communication by the Commissioner occurred by letters sent in April 2012 by the Commissioner requesting information that provided only a few days to respond.

19. The report produced by Commissioner Attorney Germaine contained speculation regarding travel.

20. The report produced by Commissioner Attorney Germaine presumed inaccurately the location of the firm's clients.

21. The timing of the production of the report produced by Commissioner Attorney Germaine failed to provide any opportunity to refute, challenge or edit the report as it was issued within a few days before the May 11, 2012 hearing.

22. The delay by the Commissioner in issuing the report provided little more than a few hours of review by the Plaintiff's CPA accounting firm Saba Coleman & Hunt.

23. The Plaintiff's CPA accountant determined that numerous items were inaccurate and or in error in the Commissioner's report.

24. The Plaintiff's CPA accountant determined that more than half the income Commissioner Attorney Germaine presumed was income was not income.

25. The Plaintiff's CPA accountant prepared a detailed analysis refuting the findings of Commissioner Attorney Germaine.

26. Many of the same assumptions and analysis that were in CPA Geher report were adopted by Commissioner Attorney Germaine.

27. At the May 11, 2012 court date, the Judge never permitted the Plaintiff's CPA's detailed report to be entered as evidence.

28. At the May 11, 2012 court date, despite the attempt by plaintiffs counsel to do so, the court would not hold an evidentiary hearing.

29. At the May 11, 2012 court date, despite the attempt by plaintiffs counsel to do so, the court would allow offers of proof.

30. At the May 11, 2012 court date, despite the attempt by plaintiffs counsel to do so, the court would not except the report prepared by the CPA accounting firm of Saba, Coleman & Hunt that contradicted the report prepared by Commissioner Attorney Germaine.

31. The court issued its findings May 22, 2012.

32. The court adopted the findings of the Commissioner Attorney Germaine bolstering that decision with the September 2011 CPA Geher report.

33. Rules of Ethics Rule 1.1 states a lawyer shall provide competent representation to a client.

34. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

35. Model Rule 1.10 states that while lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9.

36. Rule 1.7 Conflict Of Interest: Current Clients states (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if: (4) each affected client gives informed consent, confirmed in writing. Rule 5.2 Responsibilities of a Subordinate Lawyer states A lawyer is bound by the Rules of

8

Professional Conduct notwithstanding that the lawyer acted at the direction of another person.

37. Commissioner Attorney Germaine failed to disclose that Attorney Elizabeth Richter worked on the report.

38. Commissioner Attorney Germaine failed to disclose that Attorney Elizabeth Richter did the majority of the report.

39. Commissioner Attorney Germaine failed to disclose to the court that Attorney Elizabeth Richter had an ethical conflict because of the adverse relationship her husband had with the respondent in 2010 and 2011.

40. Commissioner attorney Germaine led the court to believe that the plaintiff had acted in a deliberate attempt to delay the Commissioner from executing his report.

41. Commissioner Attorney Germaine falsely represented to the court that he could not focus on this matter until the last forty-five days due to the fact that he could not obtain the requested information from the Plaintiff.

42. Commissioner Attorney Germaine failed and neglected to contact Respondent and his attorney until April 2012 despite numerous phone calls and letters.

43. The first communications by the Commissioner was by letters dated April 9, 2012 and April 23, 2012.

44. These letters dated April 9, 2012 and April 23, 2012 were responded to and the documentation requested provided.

45. Letters from Plaintiff's counsel, Attorney Debruyckere, as well as telephone calls support the contention that Commissioner Attorney Germaine misrepresented the facts to the court.

46. Any struggles the Commissioner had were of his own doing and not related to Plaintiff or his counsel, Attorney Debruyckere.

47. There was no evidence supplied to the court by the Commissioner that support the contention that Plaintiff understated his income.

The complaint lays out several causes of action which at the very least show that Germaine was negligent in that he failed to exercise that degree of reasonable care which a reasonable person would exercise under the circumstance. In essence, under the color of

9

law, as the appointed Commissioner by the court Germaine had a fiduciary duty to all

parties in the case and to the court. As Commissioner, Germaine, had a duty to produce a

fair and accurate report but failed to meet even the lowest standard of care in the

performance of that duty.

### Conclusion

Review is necessary to determine what type of immunity protects a

Commissioner, if any. Whether immunity protects an independent neutral evaluator.

Whether it makes a difference if the evaluator is court appointed and given a title,

Commissioner, or selected by stipulation, or part of Alternative Dispute Resolution. As

part of that review the court should look at the implication of 42 U.S.C. §1983 and what

if any protections are afforded the defendant in light of Filarsky v. Delia 132 U.S. 2764

(2012) Harlow v. Fitzgerald, 457 U.S. 800 (1982); Richardson v. McKnight, 521 U.S.

399 (1997). Certainly the part of the Verified Complaint that is brought pursuant to 42

U.S.C. §1983 against the defendant Brian Germaine is not subject to the Rooker-Feldman

doctrine. The complaint lays out a prima facia case that require a different analysis. The

complaint is sufficiently pled to exceed the standards of Ashcroft v. Iqbal, 556 U.S. 662

(2009). Defendant Brian Germaine is subject to jurisdiction by this court by virtue of 42

U.S.C. §1983. The complaint lays out the incompetent, unethical and erroneous manner

that defendant Germaine performed his duties as the court appointed Commissioner.

Wherefore, the Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P.

12(b)(6)should be denied.


Dated this 10th day of December, 2012


10

Respectfully submitted,
Stephen D'Angelo

_____
Stephen D'Angelo
401 Andover Street, Suite 202
North Andover, Massachusetts 01845
978-687-8100
sld@lawyeradvocates.com

## Certificate of Service

I hereby certify that on the 10th Day of December, I served the foregoing:

**Memorandum In Supppot Of Plaintiff's Objection To Defendant, Brian Germaine, Fed. R. Civ. P. 12(B)(6) Motion To Dismiss**

To all parties of record via first class mail as follows:

William Saturley, esq.
Counsel for Brian Germaine
57 North Main Street
P.O.Box 1318
Concord, NH 03302

Nancy J Smith, Esq.
Senior Assistant Attorney General
New Hampshire Attorney General's Office
33 Capitol Street
Concord, NH 03302

Dated: December 10, 2012

Respectfully submitted,
Stephen D'Angelo

_____
Stephen D'Angelo
401 Andover Street, Suite 202
North Andover, Massachusetts 01845
978-687-8100
sld@lawyeradvocates.com

11



**D'Angelo & Hashem, LLC**
ATTORNEYS & COUNSELORS AT LAW

401 Andover Street
Suite 202
North Andover, MA 01845

Tel: 978-687-8100
Fax: 978-687-8111

Via First Class Mail

J.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2012 DEC 12  P 12: 40

December 10, 2012

Office of the Clerk
Hon. Landya McCafferty
United States Magistrate Judge
United States District Court
55 Pleasant Street, Room 110
Concord, NH 03301

*12 cv 411-SM*

Re: Stephen D'Angelo, Pl., v. New Hampshire Supreme Court, Brian Germaine, Esq., Def.
C. A. No: 12CD411

Dear Madam Clerk:

Enclosed, please find enclosed:

- Memorandum In Support Of Plaintiff's Objection To Defendant, Brian Germaine, Fed. R. Civ. P. 12(B)(6) Motion To Dismiss;

- Certificate of Service

Please file in the usual manner.

Sincerely yours,

Stephen D'Angelo

Enc as stated

Cc:  William Saturley
     Counsel for Brian Germaine

     Nancy J Smith
     Counsel for New Hampshire Supreme Court