UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Stephen L. D'Angelo,
    Plaintiff

    v.                                  Case No. 12-cv-411-SM
                                        Opinion No. 2012 DNH 204
New Hampshire Supreme Court, and
Brian Germain, Esq.,
    Defendants

## O R D E R

The plaintiff, Stephen D'Angelo, appears pro se (although he is an attorney). He brings this action seeking compensatory, declaratory, and injunctive relief, asserting that the state courts violated his Fifth and Fourteenth Amendment rights during the course of child support proceedings to which he was a party. The Magistrate Judge has reviewed the complaint in due course and has filed a formal Report and Recommendation, in which she recommends dismissal of all D'Angelo's claims for lack of subject matter jurisdiction, after applying the Rooker-Feldman doctrine. Defendants also move to dismiss all of plaintiff's claims. Plaintiff objects.

The Report and Recommendation is adopted in part, defendants' motions to dismiss are granted, and all of plaintiff's claims are dismissed.

**Background**

D'Angelo has been involved in an ongoing dispute over his child support obligations since approximately 2006. The New Hampshire Circuit Court, 10th Circuit, Family Division (the "Derry Family Court") conducted a number of hearings and issued several orders in an effort to resolve D'Angelo's financial obligations to his son. In those various orders, the court observed that, D'Angelo "has a well-documented history of thwarting the discovery process and of selectively excluding relevant financial information to the detriment of the Petitioner," Complaint, Exhibit H (document no. 1-8), Order dated May 15, 2012 ("DFC Order") at 1 (quoting a prior order). It also noted that it had "already found Mr. D'Angelo in Contempt of Court on multiple occasions." Id. at 3. The court went on to observe that D'Angelo (a practicing attorney):

> would represent that his gross income ranges from $29,500 to a high of $93,387.00 while being able to travel extensively, own two Porsche automobiles, purchase a 40ft yacht for $190,000.00, own several automobiles to include a Lexus, and maintain a lifestyle that would indicate by his travel, entertainment, and expenditures that he has disposable monies in excess of those stated on his Financial Affidavit.

Id. at 2. Given those ongoing concerns, in September of 2011, the court appointed Attorney Brian Germaine as a Commissioner, to

investigate and report to the court with regard to D'Angelo's gross income from 2006 forward.

In May of 2012, the court conducted yet another hearing, to address several pending motions. At that hearing, Commissioner Germaine presented his findings. The court determined them to be well-supported and credible, and adopted them as to D'Angelo's gross income from 2006 forward. DFC Order at 10. It also found, "by clear and convincing evidence that [D'Angelo] had the ability to make [past support payments] to the Petitioner and chose to pay his own bills despite being cautioned by this Court." DFC Order at 4. It then held D'Angelo in contempt for having failed to pay past-due child support obligations, entered judgment in favor of D'Angelo's former wife in the amount of more than $110,000.00, and modified D'Angelo's monthly child support obligations going forward. DFC Order at 10-12. D'Angelo filed a Notice of Discretionary Appeal to the New Hampshire Supreme Court, but the court declined to hear his appeal. This litigation followed.

In his complaint, D'Angelo advances nine separate claims against the New Hampshire Supreme Court ("NHSC") and Attorney Germaine. They can be summarized as follows:

    1.    The Derry Family Court (over which the NHSC has supervisory authority) violated plaintiff's Fifth and Fourteenth Amendment rights when it refused to hold an evidentiary hearing prior to entering an order modifying his child support obligations;

    2.    The NHSC violated plaintiff's Fifth and Fourteenth Amendment rights when it declined to grant his notice of appeal; and

    3.    The court-appointed commissioner, Brian Germaine, violated plaintiff's federally protected constitutional rights, and committed a variety of state common law torts, when he made allegedly false statements about plaintiff to the family court.

D'Angelo seeks the following relief: (a) an injunction to prevent "the Derry District Court from implementing, enforcing or otherwise taking any action" on its order of May 15, 2012, Complaint at para. 112; (b) monetary damages against the NHSC to "fairly and adequately compensate Plaintiff" for the court's "reckless and wanton" refusal to review the decisions of its family courts, Complaint at paras. 119 and 122; and (c) monetary damages against Attorney Germaine for having violated plaintiff's federally protected constitutional rights and for having committed numerous common law torts.

**Discussion**

I.  The Report and Recommendation.

The Magistrate Judge concluded that the Rooker-Feldman doctrine deprives this court of subject matter over each of D'Angelo's claims and, therefore, recommended that they be dismissed. In reaching that conclusion, she observed:

> D'Angelo's claims are, at their core, the claims of a disgruntled litigant, seeking federal district court review of state court judgments, filed after the state proceedings have ended, and rooted in the belief that the judgments are wrong and injurious to him. To adjudicate D'Angelo's claims, this court would necessarily be called upon to review the validity of the DFC's order and the NHSC's decision to decline D'Angelo's appeal. The Rooker-Feldman doctrine precludes such review by this court, insofar as D'Angelo's federal claims are inextricably intertwined with the state court decisions at issue.

Report and Recommendation, at 5-6. With respect to D'Angelo's requests for injunctive relief, as well as his efforts to collaterally attack various decisions of the state courts as "unlawful" or "unconstitutional," this court plainly lacks subject matter jurisdiction under the Rooker-Feldman doctrine. See also The Anti Injunction Act, 28 U.S.C. § 2283.

Given his dissatisfaction with the Family Court's order and the NHSC's decision not to entertain his appeal, D'Angelo should have appealed to the United States Supreme Court. His remedy was not to file an action in federal court seeking to collaterally

challenge those final state court decisions.  Count one of his complaint is, therefore, dismissed.

But, as to D'Angelo's remaining claims, whether the court has subject matter jurisdiction is open to some debate.  It is certainly arguable that the court has jurisdiction over his constitutional challenge to New Hampshire Supreme Court Rule 3, as well as his state and federal claims against Attorney Germaine, since resolving those claims would not seem to require the court to review the validity of the state court decisions referenced in D'Angelo's complaint.  Accordingly, the court turns to defendants' motions to dismiss.

II.  <u>Defendants' Motions to Dismiss</u>.

Defendants also claim that many of D'Angelo's claims must be dismissed for lack of subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine.  And, defendants assert that D'Angelo's remaining claims must be dismissed for failure to state a claim.

A.  <u>Count Two - Supreme Court Rule 3</u>.

In count two of his complaint, D'Angelo challenges the constitutionality of NHSC Rule 3, which provides, in relevant part, that the following types of appeals are not "mandatory

6

appeals" (meaning that the court may, in its discretion, decline to hear any such appeal from a lower court order):

> (9) an appeal from a final decision on the merits issued in, or arising out of, a domestic relations matter filed under RSA Title XLIII (RSA chapters 457 to 461-A); provided, however, that an appeal from a final divorce decree or decree of legal separation shall be a mandatory appeal.

Rule 3, <u>Rules of The Supreme Court of the State of New Hampshire</u> (West 2012). D'Angelo filed such a discretionary appeal to the NHSC, challenging the May 15, 2012, order of the Derry Family Court. The NHSC declined to hear his appeal and, in so doing, let the order of the Derry Family Court stand.

D'Angelo asserts that "Rule 3 promulgated by the New Hampshire Supreme Court violate[s] the Fourteenth (14th) and Fifth (5th) Amendments Due Process Rights of the United States Constitution." Complaint at para. 114. Although his complaint and subsequent filings are unclear, it seems D'Angelo believes he has a constitutionally protected procedural due process right to an appeal of the Derry Family Court's order. He is incorrect. <u>See, e.g.</u>, <u>United States v. MacCollom</u>, 426 U.S. 317, 323 (1976) ("The Due Process Clause of the Fifth Amendment does not establish any right to an appeal."); <u>Griffin v. Illinois</u>, 351 U.S. 12, 18 (1956) ("[A] State is not required by the Federal

Constitution to provide appellate courts or a right to appellate review at all.").

Of course, "[w]hen an appeal is afforded, . . . it cannot be granted to some litigants and capriciously or arbitrarily denied to others without violating the Equal Protection Clause." Lindsey v. Normet, 405 U.S. 56, 77 (1972). Here, however, nothing in D'Angelo's complaint suggests that Rule 3 operates to "arbitrarily" or "capriciously" deny some state court litigants an opportunity to appeal to the NHSC, while allowing others to do so. Rule 3 does not unconstitutionally distinguish between different classes or categories of litigants. Rather, it permissibly distinguishes between different types of family court orders - some of which the NHSC has determined it will always entertain on appeal, while others are subject to the court's exercise of discretionary appellate authority.

In other words, all similarly situated litigants in the State's family courts are treated equally and the Equal Protection Clause of the Constitution is not offended by Rule 3. Count two of D'Angelo's complaint is, therefore, dismissed for failure to state a claim.

B. <u>Count Three - Failure to Supervise</u>.

In count three of his complaint, D'Angelo alleges that the NHSC "recklessly and wantonly allowed its family courts to make decisions without hearing, following law, and decide matters without review or the right of appeal." Complaint at para. 120. He seeks a monetary award from the NHSC "in an amount that will fairly and adequately compensate [him] for damages." <u>Id</u>. at para. 122. Plainly, however, the Justices of the NHSC are entitled to judicial immunity from any such claim. <u>See, e.g.</u>, <u>Pierson v. Ray</u>, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in [1872]. This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.") (citations and internal punctuation omitted); <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Moreover, D'Angelo's claim for monetary damages against the New Hampshire Supreme Court is

barred by the Eleventh Amendment.  See generally Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Arizonans for Official English v. Arizona, 520 U.S. 43 (1997).

Count three of D'Angelo's complaint is dismissed for failure to state a claim.

    C.   Claims Against Commissioner Brian Germaine.

In counts four through nine of his complaint, D'Angelo advances various federal constitutional and state common law claims against the commissioner appointed by the Derry Family Court, Attorney Brian Germaine.  Among other things, D'Angelo says Germaine "failed to perform a reasonable investigation," Complaint at para. 125, "misrepresented material facts to the court," id. at 128, and "under color of state law" violated "plaintiff's due process rights," id. at 133.

It is beyond dispute that New Hampshire's family court's have the authority to appoint commissioners in divorce proceedings.  See In re O'Neil, 159 N.H. 615, 624 (2010); Walker v. Walker, 119 N.H. 551, 553-54 (1979).  And, as a court-appointed commissioner, Germaine was cloaked with absolute quasi-judicial immunity - immunity that shields him from precisely the type of claims advanced by D'Angelo.  See, e.g., Nystedt v.

Nigro, 700 F.3d 25, 30 (1st Cir. 2012) ("The doctrine of quasi-judicial immunity provides absolute immunity for those who perform tasks that are inextricably intertwined with the judicial function.  This doctrine is rooted in the wise idea that those who perform adjudicative functions require a full exemption from liability.") (citations and internal punctuation omitted).  See generally Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985); Cok v. Cosentino, 876 F.2d 1, 2-3 (1st Cir. 1989).

   Accordingly, counts four through nine of D'Angelo's complaint are dismissed for failure to state a claim.

### Conclusion

   For the foregoing reasons, as well as those set forth in defendants' memoranda, the court:

   1.   adopts the Magistrate Judge's Report and
        Recommendation (document no. 8) to the extent
        it recommends dismissal of D'Angelo's efforts
        to collaterally challenge orders issued by
        the state courts, as well as his requests for
        injunctive relief, as set forth in counts one
        and two of his complaint; and

   2.   grants defendants' motions to dismiss
        (documents no. 9 and 11).  D'Angelo's claims
        for compensatory and declaratory relief, as
        set forth in counts two through nine, are
        dismissed for failure to state a claim.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 20, 2012

cc: Stephen L. D'Angelo, pro se
    Nancy J. Smith, Esq.
    William C. Saturley, Esq.
    William H. Whitney, Esq.